WHITE, Exr., Appellee,

v.

SOO et al., Appellees; Lima Memorial Hospital, Appellant.

[Cite as *White v. Soo* (1989), 65 Ohio App.3d 731.]

Court of Appeals of Ohio,
Allen County.

No. 1–88–31.

Decided Dec. 28, 1989.

*White, White & White* and *Walter L. White; Charles C. Redmond,* for appellee Don O. White, Jr.

*Gooding, Huffman & Kelley, Lawrence S. Huffman* and *Matthew C. Huffman,* for appellees Soo, Huh and Fisher.

*Oxley, Malone, Fitzgerald & Hollister* and *Michael J. Malone,* for appellant Lima Memorial Hospital.

---

MILLER, Judge.

This is an appeal by defendant, Lima Memorial Hospital, from a judgment of the Court of Common Pleas of Allen County denying defendant attorney fees.

On April 12, 1985, the plaintiff, Don O. White, Jr., executor of the estate of Betty A. White, filed a medical malpractice claim, case No. 85–CIV–0164, against defendants, Lima Memorial Hospital, L.Y. Soo, M.D., S.Y. Huh, M.D., and Eric B. Fischer, M.D.

On June 11, 1986, defendant, Lima Memorial Hospital, was granted summary judgment and dismissed from the case with prejudice.

On December 4, 1986, plaintiff filed his motion to dismiss the action without prejudice pursuant to Civ.R. 41(A)(2) and, on December 12, 1986, the court of common pleas dismissed the action, but conditioned the dismissal by providing therein that the plaintiff shall "not utilize this dismissal and a subsequent refiling to secure a trial by jury."

On December 31, 1986, plaintiff appealed that judgment, naming Lima Memorial Hospital as a party to the appeal.

This court dismissed Lima Memorial Hospital from the appeal, stating in part:

"It is clear, under the terms of Civ.R. 54(B), that the order of June, 1986 dismissing Lima Memorial Hospital as a party was not a final appealable order at that time. It became a final appealable order when the action was dismissed by the order of the trial court. * * *

" * * * Here the appellant voluntarily requested the dismissal of this action in the trial court. In doing so, he waived any right to appellate review of the

dismissal and lost standing to appeal. The only issue, as to which standing may remain, is standing to question the condition imposed by the trial court. He cannot now retract his consent or request for dismissal and except as to this right to question the condition, he has waived any right to appeal."

On January 21, 1988, the plaintiff filed an amended complaint in case No. 87–CIV–583, which contained the identical parties and identical issues as the original complaint filed in case No. 85–CIV–0164.

Defendant, Lima Memorial Hospital, moved for a dismissal with prejudice together with an award of attorney fees pursuant to Civ.R. 11.

The court of common pleas, in its April 4, 1988 judgment entry, granted Lima Memorial Hospital's motion to dismiss, but denied an award of attorney fees.

Lima Memorial Hospital filed a motion for reconsideration of the April 4, 1988 judgment entry in the court of common pleas, which the court denied.

Defendant, Lima Memorial Hospital, appeals from this April 4, 1988 judgment entry, asserting one assignment of error.

"The knowing and intentional reassertion of claims adjudicated, and expressly characterized on judicial consideration to be meritless, demonstrates the frivolous character of the claims and the bad faith in which they were offered, and under such circumstances, the trial court erred in denying an award of attorney fees for the time and resources expended in responding to such claims."

Civ.R. 11 provides in pertinent part:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as a sham and false and the action may proceed as though the pleading had not been served. For willful violation of this rule an attorney may be subjected to appropriate action. * * * "

The Supreme Court in *State, ex rel. Kabatek, v. Stackhouse* (1983), 6 Ohio St.3d 55, 55–56, 6 OBR 73, 74, 451 N.E.2d 248, 249, stated:

" 'The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177 [75 O.O.2d 224, 347 N.E.2d 527]; *State, ex rel. Grosser, v. Boy* (1976), 46 Ohio

St.2d 184 [75 O.O.2d 228, 347 N.E.2d 539].' *State, ex rel. Crockett, v. Robinson* (1981), 67 Ohio St.2d 363, 369 [21 O.O.[3d] 228, 232, 423 N.E.2d 1099, 1103]."

Defendant, Lima Memorial Hospital, contends that the complaint filed by the plaintiff presented no justifiable claim as to the defendant, and that the reassertion of previously litigated claims was meritless and, therefore, by definition, was "frivolous."

In *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966, the Supreme Court stated:

" * * * The decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court. Absent an abuse of discretion, such decision will not be reversed. * * * "

We do not find that the record supports the defendant's claim that plaintiff acted in bad faith. The inclusion of the defendant in a claim that is identical to a previously litigated claim wherein the defendant was dismissed with prejudice does not, in and of itself, and standing alone, demonstrate as a matter of law that the plaintiff acted in bad faith.

We, therefore, conclude that the trial court did not act arbitrarily or unconscionably and thus did not abuse its discretion in not awarding attorney fees to appellant.

Finding no error of the trial court prejudicial to the defendant as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.