[Cite as *Edwards v. Lopez*, 2013-Ohio-571.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 97917 and 98510

---

## BRUCE EDWARDS, ET AL.

### PLAINTIFFS-APPELLANTS

### vs.

## ANNARIEL M. LOPEZ, ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-705964

**BEFORE:** Kilbane, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEY FOR APPELLANTS**

Joanne Brown
2136 Noble Road
Cleveland, Ohio 44112

**ATTORNEY FOR APPELLEES**

Matthew E. Parkins
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, Ohio 44122

MARY EILEEN KILBANE, J.:

{¶1} In Appeal No. 98510, plaintiffs-appellants, Bruce Edwards ("Bruce") and Cheryle Edwards ("Cheryle") (collectively referred to as "the Edwardses"), appeal from the trial court's Civ.R. 11 award of attorney fees and costs to defendant-appellee, Annariel Lopez ("Lopez"). In Appeal No. 97917, the Edwardses' appeal from the denial of their motion for relief from judgment that denied their application for restitution of funds that appellee collected from an earlier sanction award that was reversed in *Edwards v. Lopez*, 8th Dist. No. 95860, 2011-Ohio-5173 ("*Edwards I*"). This court has sua sponte consolidated both appeals. For the reasons set forth below, we reverse the trial court's award of Civ.R. 11 sanctions and enter judgment in favor of the Edwardses in Appeal No. 98510. In Appeal No. 97917, we reverse the trial court's denial of restitution, costs, and attorney fees and remand the matter to the trial court for a hearing in order to determine the amount of costs and attorney fees owed to the Edwardses.

{¶2} On October 6, 2009, the Edwardses filed suit against Lopez for breach of contract, promissory estoppel, and specific performance. The Edwardses allege that Lopez breached a contract to lease residential property located in Beachwood, Ohio. The Edwardses further allege that Lopez, the co-owner of residential property located at 25110 Cedar Road in Beachwood, leased the premises from July 2009 to February 2011, at $2,500 per month.

{¶3} On April 26, 2010, as this court noted in *Edwards I*, the Edwardses notified the trial court that Bruce could not attend the final pretrial in the matter, but that Cheryle

would be present, and that she had full authority to act on his behalf. Following the final pretrial, the trial court concluded that Bruce did not obtain permission to be absent from the final pretrial and dismissed the case without prejudice on June 3, 2010, as to both Bruce and Cheryle.

{¶4} On July 14, 2010, Lopez filed a motion pursuant to Civ.R. 11 and R.C. 2323.51 for attorney fees and costs incurred in defending the matter. On September 20, 2010, the trial court granted Lopez's motion for attorney fees and costs "under Ohio Revised Code 2323.51 for frivolous conduct" and ordered the Edwardses and their attorney to pay $13,466.40 for the fees and costs.

{¶5} The Edwardses appealed. This court notes that Lopez could have filed a cross-appeal but did not do so. On October 6, 2011, this court reversed the award of attorney fees to Lopez and did not remand the matter for further proceedings. *Edwards I.* Lopez did not appeal this ruling to the Ohio Supreme Court and it became final.

{¶6} On November 16, 2011, Lopez advised the trial court that the "wage garnishment * * * was terminated due to reversal of the judgment by the Eighth District Court of Appeals * * *."

{¶7} Inexplicably, however, on December 8, 2011, the trial court issued the following order:

> Captioned case being remanded to the court of common pleas by order of the Court of Appeals, this matter is hereby returned to the docket of [the trial judge].

**{¶8}** On December 16, 2011, plaintiffs requested that Lopez make full and immediate restitution of $8,760.02, the sum that had been garnished as of that date, plus $1,200 in costs and attorney fees. On January 6, 2012, or three months after the appellate decision in *Edwards I* was issued, Lopez filed a brief in opposition to this motion and filed a renewed motion for sanctions "pursuant solely to Civ.R.11." Within this motion, Lopez again requested $13,466.40 in attorney fees and costs and incorporated all prior proceedings. The trial court held a hearing on February 28, 2012. Thereafter, on May 17, 2012, the trial court granted Lopez's motion for sanctions under Civ.R. 11.

**{¶9}** Plaintiffs now appeal from the imposition of sanctions under Civ.R. 11, and also appeal from the denial of their motion for restitution of funds garnished by defendant. For the sake of convenience, we shall jointly address related errors.

**{¶10}** The Edwardses' first and second assignments of error in Appeal No. 98510, and the first assignment of error in Appeal No. 97917 are related and provide as follows:

> The trial court granting Lopez's renewed motion for sanctions and attorney's fees under Civil Rule 11 after the motion was impliedly overruled is precluded by the law of the case. (Appeal No. 98510)

> The trial court lacked jurisdiction to entertain any further proceedings inconsistent with this court's mandate. (Appeal No. 98510)

> The trial court lacked jurisdiction to entertain any further proceedings inconsistent with this court's mandate. (Appeal No. 97917)

**{¶11}** The doctrine of the law of the case was set forth in *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984) as follows:

[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.

{¶12} Further, with regard to procedure, we note that it is well settled that when a motion is not ruled upon, it is deemed to be denied by implication. *See Newman v. Al Castrucci Ford Sales*, *Inc*., 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1st Dist.1988); *Solon v. Solon Baptist Temple, Inc.,* 8 Ohio App.3d 347, 457 N.E.2d 858 (8th Dist.1982). Further, the Supreme Court of Ohio has held that the Rules of Civil Procedure do not allow a party to obtain relief from final judgment in a trial court via a motion for reconsideration.

{¶13} In this matter, Lopez's July 14, 2010 motion requested attorney fees and costs pursuant to Civ.R. 11 and R.C. 2323.51. The trial court's September 20, 2010 order granted the motion only as to R.C. 2323.51. *See also Edwards I*, ("court was granting the sanctions under R.C. 2323.51, not Civ.R. 11."). Therefore, the trial court implicitly rejected the claim made pursuant to Civ.R. 11. This court reversed Lopez's sanction award, and neither party filed a further appeal. Therefore, the reversal of sanctions under R.C. 2323.51, as well as the implicit denial of sanctions pursuant to

Civ.R. 11, became final and the law of the case. Moreover, this court did not "remand" the matter for further proceedings, so jurisdiction was not returned to the trial court. Accordingly, the trial court was without jurisdiction to "remand" the matter to itself, and was without jurisdiction to "reconsider" the motion for sanctions pursuant to Civ.R. 11. The September 20, 2010 order implicitly denying sanctions under Civ.R. 11 is final and the law of the case.

{¶14} The Edwardses' first and second assignments of error in Appeal No. 98510, and the first assignment of error in Appeal No. 97917 are well taken.

{¶15} The Edwardses' third and fourth assignments of error in Appeal No. 98510 provide as follows:

> The record does not support Lopez's claim [that] Appellant's counsel committed a willful violation of [Civ.] Rule 11. (Appeal No. 98510)

> The court's $13,466.40 sanction is not supported by the evidence and is in excess of what the rule allows. (Appeal No. 98510)

{¶16} In light of this court's disposition of *Edwards I* and our conclusions as to the assignments of error addressed above, these assignments of error are moot.

{¶17} Edwardses' second assignment of error in Appeal No. 97917 provides:

> The Edwards[es] and Counsel have a right to restitution as a matter of law. (Appeal No. 97917)

{¶18} It is axiomatic that where a judgment is reversed, the successful appellant is entitled to a judgment of restitution for all that he or she has lost because of the judgment. *Keybank Natl. Assn. v. Mazer Corp.*, 188 Ohio App.3d 278, 2010-Ohio-1508, 935 N.E.2d 428 (2d Dist.). Further, a party may obtain his or her costs and attorney fees

in actions involving the improper garnishment of funds. *See, e.g.*, *Machies v. Anesthesia Assocs.*, 8th Dist. No. 43493, 1981 Ohio App. LEXIS 11668 (Dec. 10, 1981); *Willis v. Soc. Natl. Bank*, 8th Dist. Nos. 37350 and 37351, 1978 Ohio App. LEXIS 10385 (May 11, 1978).

{¶19} In this matter, the trial court's September 20, 2010 order imposed sanctions under R.C. 2323.51, and rejected Civ.R. 11 as a basis for sanctions. This court's opinion in *Edwards I* reversed the award of sanctions pursuant to R.C. 2323.51. This ruling became final when neither party sought further review of *Edwards I*, so the trial court therefore lacked jurisdiction to "remand" the matter and impose sanctions under Civ.R. 11. Despite that ruling, however, Lopez continued to oppose the efforts of the Edwardses to obtain restitution of the funds following final judgment in their favor and asserted an improper basis for keeping the funds awarded on September 10, 2010. The Edwardses are, therefore, entitled to a judgment of restitution for all that they have lost in connection with the two judgments and entitled to their costs and attorney fees as of October 6, 2011, or the date on which this court issued *Edwards I*.

{¶20} The order denying the Edwardses' motion for restitution is reversed, and the matter is remanded for a hearing as to the Edwardses' costs and reasonable fees incurred in connection with the restitution of the sums that were garnished herein.

{¶21} Judgment reversed, and case remanded for a hearing as to attorney fees and costs.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR