[Cite as *Lakeview Holding (OH), L.L.C. v. Haddad*, 2013-Ohio-1796.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98744**

# LAKEVIEW HOLDING (OH), L.L.C.

## PLAINTIFF-APPELLEE

vs.

# TINA R. HADDAD, ET AL.

## DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763892

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEYS FOR APPELLANTS**

Tina R. Haddad
3155 West 33rd Street
Suite 1128
Cleveland, OH   44109

Harlan D. Karp
850 Euclid Avenue
Suite 1330
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEES**

Kirk W. Liederbach
Matthew A. Marsalka
Law Office of Schwartz & Associates
P.O. Box 14250
Cleveland, OH   44114

Maureen C. Zink
Law Office of Schwartz & Associates
27 N. Wacker Drive, #503
Chicago, IL   60606

**For David T. Brady**

David T. Brady
Law Office of Schwartz & Associates
27 N. Wacker Drive, #503
Chicago, IL   60606

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Tina R. Haddad appeals the trial court's decision that denied her motions for sanctions against Nicholas Cardinal, David T. Brady, Kirk Liederbach, the "attorneys for 'Tax Lien Law Group, L.L.P.,'" and Lakeview Holding (Ohio) L.L.C.[1]

{¶2} Lakeview filed a foreclosure action against Haddad and others based upon two tax certificates relating to the property identified as 1763 E. 27 St., Cleveland, OH. The complaint identified two addresses for Haddad: 1763 E. 77th Street, Cleveland, OH 44114, and 1768 E. 27th Street, Cleveland, OH 44114. The record reflects that the summons and complaint were sent to those addresses. Haddad maintains that Lakeview never served her with the complaint or other filings in the underlying case. The initial failure of service on Haddad is documented in the record, with notice being issued to plaintiff that it was not deliverable as addressed and "no such number." Lakeview later attempted to serve Haddad at 3155 W. 33rd Street, Cleveland, OH 44109. The return receipt indicates service at that address; however, it was filed ten days after Lakeview had voluntarily dismissed the case.[2]

---

[1] The parties will be referred to as Haddad, Cardinal, Brady, Liederbach, and Lakeview in this opinion, or appellees or appellee attorneys where relevant.

[2] We note that Lakeview, through its attorneys, maintains that Haddad had notice of the pending action prior to the dismissal and had contacted counsel's office about it. In fact, the action was dismissed because Haddad had redeemed the tax certificates and paid the attorney fees assessed by appellee attorneys.

**{¶3}** Lakeview filed a preliminary judicial report on September 16, 2011, that was issued by Title Resources Guaranty Company with an effective date of August 30, 2011, and was executed by Rebecca Hill as a "licensed agent." On October 13, 2011, Lakeview filed a motion for appointment of receiver and a motion to transfer the case to the commercial docket. Haddad maintains that Lakeview failed to serve her with these motions. The certificates of service on these motions bear the same incorrect addresses for Haddad as are reflected in the complaint. Both motions were denied on October 25, 2011.

**{¶4}** Haddad indicates that she learned of the action on September 22, 2011. The Tax Lien Law Group sent Haddad the payoff for the tax certificates the next day. Haddad also received a payoff for legal fees and expenses, totaling $2,540. The legal fees were discounted by 10 percent, reducing the payoff figure for legal fees and expenses to $2,465. Haddad paid the discounted amount of legal fees and expenses and redeemed the tax lien certificates in October 2011.

**{¶5}** Haddad filed a motion for sanctions and requested a hearing on November 3, 2011. She "renewed" the motion following Lakeview's voluntary dismissal of the action. After multiple continuances, a hearing on Haddad's motion for sanctions took place before a magistrate on March 27, 2012. However, a recess was called at the request of Lakeview and its attorneys. The motion hearing was set to resume on April 24, 2012. Instead, Lakeview moved to vacate the referral to the magistrate and/or for disqualification of the magistrate. The trial court partially granted the motion by

vacating the referral to the magistrate. The trial court's order provided that the court would address all post-dismissal issues that remained.

{¶6} Lakeview filed a motion in limine, a motion to continue the hearing, and a motion for submission of evidence under seal. The court granted the motion to continue the hearing. Haddad opposed the remaining motions. The court ordered Lakeview to either submit the affidavits offered under seal into evidence, with copies to Haddad, or it would go forward with the sanctions hearing on July 13, 2012. The court further ordered that if Lakeview submitted the affidavits into evidence, it would consider them as support for the motion in limine and Haddad's response thereto and may cancel the hearing if it determined one was not required.

{¶7} In June 2012, Lakeview filed a motion in limine for an order limiting the scope of the motion for sanctions and for a ruling that a hearing was unnecessary. Lakeview also opted to unseal and submit evidence in support of its motion in limine. In response to the newly submitted evidence, Haddad filed a supplemental motion for sanctions, as well as an opposition to Lakeview's motion in limine.

{¶8} On June 29, 2012, Lakeview moved to strike Haddad's supplemental motion for sanctions. The trial court granted Lakeview's motion to strike the supplemental motion for sanctions on July 3, 2012. The supplemental motion included issues surrounding the preliminary judicial report and "post-dismissal" conduct, such as the motion appellees filed to vacate the referral to the magistrate, alleged ex parte conversations with court personnel, coaching witnesses at the initial hearing, and

impugning the integrity of the magistrate by seeking her disqualification. Additionally, the supplemental motion for sanctions reiterated issues regarding the attorney fees assessed against her.

{¶9} The court indicated it had considered all pending post-dismissal motions and granted Lakeview's motion in limine, denied Haddad's motion for sanctions, and found that a hearing on the issue was not required. The court's order further found that Haddad failed to prove that Lakeview's attorneys acted willfully and/or in bad faith to cause a violation of Civ.R. 11. Haddad's motion was denied in all respects. In a separate order, the court found it unnecessary to rule on Lakeview's motion to limit the scope of the motion for sanctions. Haddad pursued this appeal.

{¶10} Additional facts will be addressed in resolution of the assigned errors.

{¶11} Haddad assigns three errors for review that she has styled as follows:

Assignment of Error No. 1

Where the record contains substantial evidence that frivolous conduct may have occurred, a trial court errs when it does not hold an evidentiary hearing under R.C. 2323.51 and afford the parties a fair opportunity to present evidence that frivolous conduct occurred. Whether conduct is frivolous is a mixed standard of review and entails inquiring into questions of law (reviewed de novo) and fact[.]

Assignment of Error No. 2

The court erred in denying the motion for sanctions and not employing its inherent authority under *Chambers v. NASCO*, 111 S.Ct. 2123 (1991).

Assignment of Error No. 3

The trial court erred to the prejudice of defendant Haddad in striking the June 21, 2012 supplement to motion for sanctions without affording defendant Haddad an opportunity to respond. The response summarized developments during the sanctions proceeding and attached additional evidence.

{¶12} Haddad's assigned errors all relate to her motion for sanctions and the trial court's orders regarding it. They will be addressed together for ease of discussion.

{¶13} Haddad filed a motion for sanctions before Lakeview voluntarily dismissed the foreclosure action and then "renewed" it (and sought to supplement it) at times after the dismissal. Trial courts retain jurisdiction to resolve collateral matters, such as a motion for sanctions, pursuant to Civ.R. 11 or R.C. 2323.51. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. No. 96120, 2011-Ohio-5654. The decision to grant sanctions under R.C. 2323.51 and Civ.R. 11 rests with the sound discretion of the trial court. *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 677 N.E.2d 1212 (8th Dist.1996).

{¶14} As a general rule, the trial court is not required to hold a hearing before denying a motion for sanctions "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Pisani v. Pisani*, 101 Ohio

App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). However, courts have found that a trial court abuses its discretion when it arbitrarily denies a motion for sanctions. *Bikkani v. Lee*, 8th Dist. No. 89312, 2008-Ohio-3130, ¶ 31. This court has held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions." *Id.*

{¶15} Pursuant to R.C. 2323.51(A),

(2) "Frivolous conduct" means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶16}** A determination of frivolous conduct applies an objective standard and is ascertained "without reference to what the individual knew or believed." *Bikkani* at ¶ 22.

**{¶17}** Conversely, determining whether an attorney is subject to sanctions for a willful violation of Civ.R. 11 requires application of a subjective standard. *Id*. at ¶ 21. The violation(s) must be willful and not merely negligent to warrant sanctions under Civ.R. 11. *Id*.

**{¶18}** Civ.R. 11 provides:

> Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. A party who is not represented by an attorney may further state a facsimile number or e-mail address for service by electronic means under Civ.R. 5(B)(2)(f). Except when otherwise specifically provided by these rules, pleadings, as defined by Civ.R. 7(A), need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

**{¶19}** Haddad's motion alleged, among other issues, that appellees repeatedly failed to serve her with court filings, appellees filed frivolous motions, appellees submitted an invalid preliminary judicial report, and appellee attorneys charged her

excessive fees. The hearing that commenced with respect to Haddad's motion provided some evidence that supported her claims. The hearing was recessed, and appellees attempted to submit affidavits under seal in arguing that Haddad's motion for sanctions should be limited in scope to her initial allegations. The court instructed appellees to submit the affidavits into evidence or a hearing would reconvene. Appellees submitted the affidavit evidence and then the court granted their motion in limine and denied Haddad's motion for sanctions without a hearing.

{¶20} During the course of the hearing on the motion, it was learned that the agent who executed the preliminary judicial report did not have a valid license, and that appellees essentially filed standardized motions to transfer a foreclosure matter involving tax certificates to the commercial docket, as well as a motion to appoint a receiver (these motions were also filed in approximately 40 other pending cases as well). At the initial hearing, Haddad elicited testimony that the motion to appoint the receiver was based solely on her alleged statement to Cardinal that she had not been paying the property taxes because business had been bad, which led Cardinal to assume she "may not have been paying other bills" and caused him to file for the appointment of a receiver. The record indicates that this conversation occurred during Haddad's attempt to settle the foreclosure case. The motions were denied for having no basis in law and for insufficiency of a factual basis. In addition, there was testimony concerning the amount of legal fees assessed against Haddad.

{¶21} As stated, the hearing was recessed and rescheduled but never resumed.

**{¶22}** In addition to the rulings previously detailed above, Haddad's motion to supplement was stricken from the record and appellees' motion in limine was granted.

**{¶23}** Haddad asserts that trial court erred by striking her supplemental motion for sanctions. Appellees argue that this ruling was proper because they contend the supplemental motion was untimely. Appellees' reliance upon *Edwards v. Lopez*, 8th Dist. Nos. 97917 and 98510, 2013-Ohio-571, is misplaced. In *Lopez*, this court reversed the trial court's order that granted a motion for sanctions and the appellate decision was not appealed to the Ohio Supreme Court. Thus, the denial of sanctions became the law of the case. Here, there had been no ruling on Haddad's motion for sanctions when she sought to supplement it. There is no prohibition to supplementing pending motions for sanctions. *See generally Bikkani,* 8th Dist. No. 89312, 2008-Ohio-3130*,* at ¶ 16 (involving a motion for sanctions and a supplemental motion for sanctions). While appellees complain that Haddad supplemented her motion with information she learned during the initial sanctions hearing, it was appellees who wanted the continuance. The ruling on Haddad's motion was delayed at appellees' request. Under these circumstances, Haddad's supplemental motion should not have been stricken.

**{¶24}** One of appellees' contentions in opposing Haddad's motion for sanctions was that she allegedly incurred no recoverable damages. Appellees appear to concede that the preliminary judicial report filed in her case was invalid, but insist that Haddad was not damaged by it. Haddad asserts that she incurred damage in having to defend the motion to transfer to the commercial docket and the motion to appoint a receiver.

Appellees are correct that Haddad cannot obtain attorney fees as sanctions in this case because she has represented herself pro se throughout the lower court proceedings and thus did not incur any attorney fees. *See Mikhael v. Gallup*, 9th Dist. No. 22992, 2006-Ohio-3917. Notwithstanding the foregoing points, the law still allows for Haddad to recover costs incurred as a result of sanctionable conduct. She maintains that she was assessed unreasonable attorney fees related to the foreclosure action. Appellee attorneys did not keep itemized time records, choosing instead to charge a flat rate. They claim Haddad was not charged for either the motion to transfer to the commercial docket or the motion to appoint a receiver, which cannot be objectively deciphered from this record. Haddad has produced evidence regarding the reasonableness of the fee as compared to fees charged in other similar matters.

{¶25} We find the fact that Haddad paid the attorney fee bill associated with the foreclosure action does not preclude her from challenging the reasonableness of the fees assessed against her. To provide otherwise would place parties in an untenable position of facing mounting attorney fees if they wanted to challenge the reasonableness of the attorney fees assessed in the foreclosure action. Stated differently, the attorney fees for pending actions logically increase as the litigation continues.

{¶26} Having reviewed the record, we find that Haddad has presented enough evidence to establish an arguable basis for awarding sanctions in this case under R.C. 2323.51 and Civ.R. 11. Nevertheless, the evidence, when fully developed, may support a finding that the appellee attorneys did not engage in a willful violation of the

rule and that sanctions may not be warranted against any party. However, we find that Haddad is entitled to a complete hearing on her motion and supplemental motion for sanctions before that determination is made. In remanding this case to finish the hearing on Haddad's motion for sanctions, we take no position on whether the trial court should grant or deny it.

{¶27} Assignments of error Nos. 1 and 3 are sustained; assignment of error No. 2 is overruled as moot.

{¶28} Judgment reversed; case remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR