[Cite as *Dech-Noble v. Ammons*, 2017-Ohio-7403.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   104896

## AIDEN DECH-NOBLE, ET AL.

PLAINTIFFS-APPELLEES

vs.

## CHRISTINE G. AMMONS, ET AL.

DEFENDANTS

[Appeal By Stefanie Richardson, Defendant-Appellant]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854435

**BEFORE:**   Boyle, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 31, 2017

**ATTORNEY FOR APPELLANT**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, Ohio   44124


**ATTORNEY FOR APPELLEES**

Harvey Kugelman
Harvey Kugelman Co., L.P.A.
400 Terminal Tower
50 Public Square
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Stefanie Richardson, appeals from an order of the trial court denying her motion for sanctions and attorney fees against plaintiffs-appellees, Aiden Dech-Noble ("Aiden"), a minor, and his father, Christopher Noble ("Noble"), after they voluntarily dismissed her from a civil lawsuit involving a dog- bite incident. Richardson raises one assignment of error for our review:

> The trial court erred in denying the appellant's motion for attorney fees and sanctions pursuant to [Civ.R.] 11 and R.C. 2323.51.

**{¶2}** For reasons that follow, we affirm the decision of the trial court.

## I. Facts Underlying Lawsuit

**{¶3}** On June 29, 2014, Noble and his son, Aiden, were with their dog at a South Euclid dog park when another patron's dog bit Aiden in the face causing severe lacerations to his nose. Just before the incident, Noble was talking to Christine Ammons, who was at the park with her dog, as well as Richardson, who was also at the park with her two dogs. Immediately following the incident, the adults were confused as to which dog bit Aiden because none of the adults present directly witnessed the dog bite.

**{¶4}** Noble and Ammons exchanged information and remained in contact by email while Aiden received treatment at the hospital. In an email exchange occurring on the same day as the incident, Ammons provided Noble with her dog's veterinarian records showing that her dog, Cliff, was up-to-date on his vaccinations. Noble thanked Ammons for being cooperative but noted that his son's injuries were quite severe and

would require treatment by a plastic surgeon. The following day, Noble reported the dog bite to local police and filled out a "witness/victim statement." Noble also filled out an "animal bite report" with the Cuyahoga County Board of Health. In both reports, Noble stated that Ammons's dog bit his son.

{¶5} On July 16, 2014, South Euclid police filed a supplementary investigative report on the incident. In it, the officer investigating the case noted that Ammons contacted him and told him that she did not believe her dog was responsible for biting Aiden. Ammons further stated that there were several dogs around the boy when the bite occurred and that she was 90 percent sure that her dog did not bite him. Further, Ammons told the officer that her friend (presumably Richardson) was at the park with her and also did not believe it was Ammons's dog that bit Aiden either. The officer noted in the report that he asked Ammons to tell her friend that she needed to fill out a witness report.

{¶6} On July 17, 2014, Ammons and Richardson provided written statements to the police regarding the incident. Although Ammons did not deny in her statement that her dog might have bitten Aiden, Ammons noted that Aiden pointed to several dogs, including his own dog as the biter, right after the event occurred. According to Ammons's statement, she gave Noble her dog's vaccination records because they could not rule out which dog (either hers or the Noble's family dog) had bitten Aiden.

{¶7} Richardson noted in her statement that all three adults were talking when the bite occurred. By the time Aiden began crying and they noticed his injury, he was

surrounded by all four dogs, which were of similar size and color. When Noble asked his son which dog bit him, his son pointed to Ammons's dog. Noble questioned his son as to whether it was one of Richardson's dogs, but according to Richardson, both she and Ammons told Noble that it could not have been Richardson's dogs because they were sitting next to Richardson when the bite occurred. Richardson further stated that she doubted Ammons's dog bit Aiden because Ammons's dog was used to children. Ammons further noted that the Noble's family dog was "energetic," and according to Noble was "fairly new to their family." Thus, Richardson implied in her statement that the culprit might have been Aiden's own dog.

{¶8} In November 2015, Aiden and Noble, as plaintiffs, filed a civil complaint for damages, naming both Ammons and Richardson as defendants. In the complaint, Aiden and Noble claimed that Ammons and Richardson were jointly and severally liable for the damage caused by the dog bite pursuant to R.C. 955.28(B), which renders dog owners strictly liable for injuries caused by their dogs. In conjunction with serving the complaint, plaintiffs propounded separate interrogatories and requests for production of documents on Ammons and Richardson. Ammons answered the complaint in December 2015 through her defense counsel provided by her insurance company. Richardson, who did not have insurance that would cover liabilities for dog-bite injuries, sought the help of private counsel and filed her answer in January 2016.

{¶9} Discovery ensued in the case. Richardson did not respond to early discovery requests for interrogatories and documents, but did submit to later depositions.

On June 3, 2016, Aiden and Noble voluntarily dismissed all claims against Richardson.

## II. Motion for Attorney Fees

{¶10} Three weeks after the dismissal, Richardson filed a motion against the plaintiffs for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. In her motion, Richardson asserted that Aiden and Noble should have dismissed her from the lawsuit sooner.

{¶11} According to Richardson, Noble knew soon after the incident that her dogs did not bite Aiden. In support of this argument, Richardson pointed to the statements that Noble gave to the South Euclid police and the Cuyahoga County Department of Health the day after the incident, which unequivocally stated that Ammons's dog bit his son, and said nothing about Richardson or her dogs. Moreover, Richardson claims that Noble agreed at a later deposition that her dogs were at her feet at all times during the dog-bite incident.

{¶12} Richardson further stated that plaintiffs were aware of her desire to be released from the case as early as January 6, 2016, when her counsel sent a letter to plaintiffs' counsel demanding that she be dismissed from litigation and threatening sanctions if plaintiffs failed to promptly comply. According to her brief, Richardson requested to be dismissed again, at a January 25, 2016 pretrial conference. Richardson claims that plaintiffs' refusal to dismiss her from the lawsuit until months later caused her to become embroiled in frivolous discovery, which in turn, resulted in significant attorney fees.

**{¶13}** Plaintiffs opposed the motion on the grounds that it remained unclear whose dog bit Aiden until further discovery occurred, and that Richardson's refusal to answer early discovery resulted in the need for further discovery in the form of costly depositions. According to plaintiffs, it was only after taking these depositions that they were convinced that Richardson should be dismissed as a defendant.

**{¶14}** The court held a hearing on the motion where the parties reiterated their respective arguments, gave testimony, and introduced documentary evidence in support of their positions. After the hearing, the court denied Richardson's motion for sanctions and attorney fees. Richardson presently appeals that denial.

### III. Analysis

**{¶15}** Trial courts retain jurisdiction to resolve motions for sanctions and attorney fees pursuant to Civ.R. 11 and R.C. 2323.51. *Lakeview Holding (OH), L.L.C. v. Haddad*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796, ¶ 13, citing *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011- Ohio-5654. Appellate courts defer to the trial court's decision on such motions and reverse only for an abuse of discretion. *Id.*, citing *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 677 N.E.2d 1212 (8th Dist.1996).

**{¶16}** "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959). To find that a trial court abused that discretion,

"the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶17} Richardson argues that she is entitled to an award of attorney fees and expenses because plaintiffs engaged in frivolous conduct within the meaning of R.C. 2323.51(A) by naming her as a defendant in the dog-bite lawsuit and for refusing not to dismiss her sooner. R.C. 2323.51(A) provides:

> (2) "Frivolous conduct" means either of the following:
>
> (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶18} Richardson also argues that she is entitled to an award of attorney fees and

expenses pursuant to Civ.R. 11, which authorizes such an award where opposing counsel signs a pleading, motion, or other document while aware that the document lacks good grounds to support it.

{¶19} We cannot say that the trial court abused its discretion by denying Richardson's motion for attorney fees and sanctions. The evidence in the record shows that immediately following the dog-bite incident, Noble believed that Ammons's dog bit his son based on his observations and Ammons's cooperation. According to his testimony at the hearing, this was why he reported to the police and the county health department that Ammons's dog was the biter. Noble testified that he began to question his understanding of the events when Ammons and Richardson provided written statements to police that called into question whether Ammons's dog had, in fact, been the biter or whether one of the other dogs was at fault. Noble testified that he was leashing his dog at the time of the incident and, therefore, he knew that his dog did not bite Aiden. In his estimation, this left either Ammons's or Richardson's dogs as the culprit, which was why Noble named both dog owners as defendants. Where a defendant has reason to believe that several people could be liable for his injuries, it is not frivolous to name each potential defendant in a lawsuit and then dismiss those defendant(s) once further discovery eliminates them as proper parties.

{¶20} Further, the record shows that Richardson did not answer any of the preliminary discovery requests that plaintiffs propounded, including the first set of interrogatories and the first request for production of documents. In failing to do so, it

appears that Richardson refused to help clear the fog of uncertainty — which could have potentially aided in an earlier dismissal of the claims against her — in favor of a different approach that demanded that she be dismissed and threatened sanctions if she was not. Accordingly, we find that Richardson's own non-action may have contributed to the delay in dismissal and, therefore, cannot say that the trial court abused its discretion in refusing to sanction the plaintiffs in this case.

**{¶21}** Richardson's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR