[Cite as *Morgan v. Applied Med. Technology, Inc.*, 2026-Ohio-119.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LAWANDA MORGAN, ET AL., :

    Plaintiffs-Appellees, :

                      No. 114963

v. :

APPLIED MEDICAL TECHNOLOGY,
INC., :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-984222

---

### *Appearances:*

Mastandrea Law LLC, Rod R. Mastandrea, and Kelly L. Wilson, *for appellees.*

Walter │ Haverfield LLP, Mark S. Fusco, and Lorraine M. Catalusci, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant Applied Medical Technology, Inc. ("AMT") appeals the trial court's denial of its motion for sanctions. AMT contends that the

court should have held an evidentiary hearing prior to denying its motion. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} Plaintiffs-appellees Lawanda Morgan ("Lawanda") and Onisha Morgan ("Onisha") (collectively "plaintiffs") are African American. They are mother and daughter and were former employees of AMT. Following their termination from AMT, plaintiffs filed their initial complaint in August 2023, and their amended complaint in December 2023. In their amended complaint, plaintiffs allege the following two causes of action brought against AMT under R.C. 4112.02: race discrimination and a retaliatory discrimination claim by Lawanda.

{¶ 3} Plaintiffs allege that Lawanda had been employed by AMT for over seven years, from September 2013 through August 2021, and Onisha was hired by AMT in July 2021. In August 2021, Onisha's father passed away. Consequently, she requested bereavement leave and unpaid and excused time off from her supervisor. Onisha was still in her probationary period at that time. Plaintiffs allege that while probationary employees were not automatically entitled to bereavement leave, AMT had made exceptions to this policy, in the past, for white employees. AMT denied Onisha's request for unpaid leave and counted the absences related to her father's death as unexcused. Ultimately, AMT fired Onisha for attendance violations on August 24, 2021.

{¶ 4} Plaintiffs further allege that within two days of Onisha being fired, Lawanda complained to her supervisor that Onisha had been treated unfairly when

compared to white employees. Lawanda's supervisor advised Lawanda to report her concerns to Human Resources ("HR"). Lawanda informed her supervisor that she intended to pursue her complaint with the Equal Employment Opportunity Commission instead. According to plaintiffs, within one day of informing her supervisor, AMT fired Lawanda.

{¶ 5} With regard to their race-discrimination claim, plaintiffs allege that both Onisha and Lawanda were fully competent to perform their essential job duties; they were treated differently than other similarly situated employees on the basis on their race; AMT had a history and pattern of treating African American employees differently than other similarly situated non-African American employees based on race; AMT violated R.C. 4112.02 by discriminating against plaintiffs because of their race; and AMT terminated them based on their race. As to Lawanda's retaliation claim, plaintiffs allege that Lawanda complained about AMT's discriminatory conduct and AMT fired her as a result of her complaint. Plaintiffs allege that AMT's actions were retaliatory in nature and based on Lawanda's opposition to disparate treatment on the basis of race that occurred at AMT.

{¶ 6} In December 2024, AMT filed separate motions for summary judgment against Onisha and Lawanda. In its motions, AMT sought judgment on the basis that plaintiffs' race-discrimination claim fails as a matter of law and Lawanda cannot establish she was retaliated against. In order to establish a prima facie case of race discrimination, a plaintiff must prove that he or she (1) belongs to

a racial minority; (2) was discharged; (3) was qualified for the position; and (4) was treated disparately from similarly situated minority employees. *Janezic v. Eaton Corp.*, 2013-Ohio-5436, ¶ 26 (8th Dist.), citing *Courie v. ALCOA*, 2005-Ohio-3483 ¶ 20 (8th Dist.). To establish a prima facie claim of retaliation, a plaintiff must demonstrate that: (1) he or she engaged in a protected activity; (2) his or her employer knew of his or her participation in the protected activity; (3) he or she suffered an adverse employment action; and (4) a causal link existed between the protected activity and the adverse action. *Meyers v. Goodrich Corp.*, 2011-Ohio-3261, ¶ 13 (8th Dist.), citing *Wille v. Hunkar Laboratories, Inc.*, 132 Ohio App.3d 92, 107-108 (1st Dist. 1998).

{¶ 7} AMT argued that neither Onisha nor Lawanda could establish their prima facie case of discrimination because they had no evidence that AMT treated similarly situated, nonprotected employees more favorably. According to AMT, the employees that plaintiffs identified who they believed were treated more favorably were not valid comparisons. As to Lawanda's retaliation claim, AMT argued that Lawanda could not establish she was retaliated against because AMT was not aware of her race-discrimination claim and she could not prove a causal link between her protected activity and her termination.

{¶ 8} In response, plaintiffs filed a motion for extension of time to submit their briefs in opposition, which AMT opposed. Before the trial court ruled on plaintiffs' motions for extension of time, plaintiffs filed a notice of voluntary dismissal without prejudice on January 15, 2025.

{¶ 9} Following the voluntary dismissal, AMT filed separate motions for attorney fees and frivolous conduct against plaintiffs. AMT requested a hearing on its motions. AMT argued that plaintiffs lacked evidentiary support for their claims, yet plaintiffs' counsel continued to take depositions and pursue the matter until AMT opposed plaintiffs' motions for extension for time. AMT further argued that plaintiffs' counsel's initial filing of an inaccurate complaint, and subsequent pursuit of this case "through baseless arguments served only to harass and impose litigation costs on [AMT]" in violation of Civ.R. 11 and R.C. 2323.51. (Motions for attorney fees and frivolous conduct, Feb. 13, 2025.) Plaintiffs opposed these motions and filed a cross-motion for attorney fees. AMT filed a reply in support of its motion and an opposition to plaintiffs' motion. The trial court denied all three motions without holding an evidentiary hearing.[1]

{¶ 10} It is from this order that AMT now appeals, raising the following single assignment of error for review:

> The trial court abused its discretion in failing to conduct an evidentiary hearing pursuant to [AMT's] motion for sanctions and request for hearing.

## II. Law and Analysis

{¶ 11} AMT argues that the trial court abused its discretion by denying its motion for sanctions under R.C. 2323.51 and Civ.R. 11, without first holding a

---

[1] We note that the trial court retains jurisdiction following a voluntary dismissal to resolve collateral matters, such as a motion for sanctions. *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654 (8th Dist.).

hearing, because plaintiffs' counsel's conduct was frivolous and an arguable basis existed for a sanctions award.

{¶ 12} The "decision to grant or deny sanctions under R.C. 2323.51 and Civ.R. 11 rests within the sound discretion of the trial court." *MRN Ltd. Partnership v. Gamage*, 2023-Ohio-4541, ¶ 20 (8th Dist.), citing *Walters v. Carter*, 2020-Ohio-807, ¶ 17 (8th Dist.); *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 30 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. We note that while both Civ.R. 11 and R.C. 2323.51 authorize the award of attorney fees as a sanction for frivolous conduct, they have separate standards of proof and differ in application. *Grimes v. Oviatt*, 2017-Ohio-1174, ¶ 22 (8th Dist.), citing *Sigmon v. Southwest Gen. Health Ctr.*, 2007-Ohio-2117, ¶ 14 (8th Dist.).

{¶ 13} Civ.R. 11 governs the signing of pleadings, motions, and other documents and provides in pertinent part:

> The signature of an attorney . . . constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . For a willful violation of this rule, an attorney . . . upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

When determining whether a violation is willful, the trial court applies a subjective bad-faith standard. *Grimes* at ¶ 24 (8th Dist.), citing *Riston v. Butler*, 2002-Ohio-2308, ¶ 12 (1st Dist.).

{¶ 14} R.C. 2323.51(B)(1) authorizes a court to award court costs, reasonable attorney fees, and other reasonable expenses incurred to a party adversely affected by "frivolous conduct" in connection with a civil action. Relevant to this appeal, "frivolous conduct" is defined as:

> Conduct of . . . [a] party to a civil action . . . [of the] other party's counsel of record that . . . is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

R.C. 2323.51(A)(2)(a)(ii). Frivolous conduct under R.C. 2323.51 is reviewed under an objective standard and "'must involve egregious conduct.'" *MRN*, 2023-Ohio-4541 at ¶ 24, quoting *State ex rel. DiFranco v. S. Euclid*, 2015-Ohio-4915, ¶ 15. "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *DiFranco* at ¶ 15, citing *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 29-30 (4th Dist.). "And the fact that a legal claim was unsuccessful does not, in and of itself, warrant sanctions." *Internatl. Union of Operating Engineers, Local 18*, 2017-Ohio-1055, ¶ 16 (8th Dist.), citing *Halliwell v. Bruner*, 2000 Ohio App. LEXIS 5896, *24 (8th Dist. Dec. 14, 2000); *Miller v. Miller*, 2012-Ohio-2905, ¶ 18 (5th Dist.) ("R.C. 2323.51 does not purport to punish a party for raising an unsuccessful claim.").

{¶ 15} This court has previously held that "[n]either Civ.R. 11 nor R.C. 2323.51 require a trial court to conduct a hearing before denying a motion for sanctions '"when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit."'" *Internatl. Union* at ¶ 18 (8th Dist.), quoting *Lakeview Holding (OH), L.L.C. v. Haddad*, 2013-Ohio-1796, ¶ 14 (8th Dist.), quoting *Pisani v. Pisani*, 101 Ohio App.3d 83, 88 (8th Dist. 1995) and citing *CM Newspapers, Inc. v. Dawson*, 1992 Ohio App. LEXIS 344, *7 (10th Dist. Jan. 28, 1992). "'[W]here the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant,' a hearing is unnecessary." *Id.*, quoting *Pisani.*

{¶ 16} AMT contends plaintiffs engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(ii) because they pursued legal action that no reasonable attorney would have pursued in light of existing law and there were no good grounds to assert the retaliation claim as required by Civ.R. 11. The basis of AMT's contention is twofold: (1) by arguing that a voluntary dismissal does not divest the trial court of jurisdiction to consider collateral issues in their brief in opposition to AMT's motion for sanctions, plaintiffs' argument "missed the mark" and was devoid of any actual opposition to AMT's position that plaintiffs' conduct was frivolous under Civ.R. 11 and R.C. 2323.51, and (2) plaintiffs and their counsel were aware, after plaintiffs' depositions, that plaintiffs did not have evidence to establish their race-discrimination claims and Lawanda's retaliation claim by virtue of the fact that

Lawanda complained about race discrimination only to her supervisor and her supervisor was not the decision maker involved in Lawanda's termination.

{¶ 17} AMT further contends that the trial court "did nothing more than state 'motion denied,'" and while acknowledging that the court is not required to hold a hearing on every motion before denying sanctions, AMT states that "[t]his court has found that a trial court abuses its discretion when the trial court arbitrarily denies a motion for sanctions." (AMT's appellate brief, p. 10.) In support of its argument, AMT relies on *Bikkani*, 2008-Ohio-3130 (8th Dist.), and *Lakeview*, 2013-Ohio-1796 (8th Dist.). We find these cases distinguishable.

{¶ 18} In *Bikkani*, we recognized that "a trial court abuses its discretion when it 'arbitrarily' denies a request for attorney fees." *Id.* at ¶ 31, citing *Turowski v. Johnson*, 68 Ohio App.3d 704 (9th Dist. 1990); *Mitchell v. W. Res. Area Agency on Aging*, 2004-Ohio-4353, ¶ 27 (8th Dist.). An arbitrary denial occurs if either "the record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions[.]" *Id.*, citing *Fitworks Holdings, L.L.C. v. Pitchford-El*, 2007-Ohio-2517, ¶ 14 (8th Dist.), citing *Capps v. Milhem*, 2003-Ohio-5212 (2d Dist.). We reversed the trial court's decision to deny defendant's motion for sanctions without a hearing. In doing so, we considered the "overwhelming evidence of egregious conduct throughout the litigation," such as plaintiff's refusal to dismiss time-barred claims, despite ample evidence; plaintiff's lack of standing; plaintiff's frivolous appeals; the Ohio Supreme Court's determination that plaintiff was a vexatious litigator; and plaintiff's refusal to participate in the discovery. *Id.* at ¶ 32. As a result,

we concluded the record "clearly evidence[d] frivolous conduct as well as an arguable basis to impose sanctions under Civ.R. 11." *Id.*

{¶ 19} In *Lakeview*, the trial court commenced a hearing on appellant's motion for sanctions, which was recessed and rescheduled, but never resumed. Ultimately, the trial court denied the motion for sanctions and found that a hearing was not required. *Lakeview*, 2013-Ohio-1796, at ¶ 9. On appeal, appellant challenged the court's denial. We found that appellant presented enough evidence to establish an arguable basis for awarding sanctions under R.C. 2323.51 and Civ.R. 11 and that appellant was entitled to a complete hearing on her motion and supplemental motion for sanctions. *Id.* at ¶ 26. We cautioned though, that in remanding "this case to finish the hearing on [appellant's] motion for sanctions, we take no position on whether the trial court should grant or deny it." *Id.*

{¶ 20} Whereas, the record in this case is starkly different from *Bikkani* and *Lakeview*. Here, the record neither clearly evidences frivolous conduct nor an arguable basis for award of sanctions under R.C. 2323.51 and Civ.R. 11. Our review reveals that plaintiffs filed an amended complaint to address AMT's motion to dismiss, and the trial court found that the amended complaint mooted AMT's motion to dismiss. Furthermore, there is no indication of willful misconduct, delay tactics, or knowingly false filings. Plaintiffs participated in the discovery process and anticipated opposing AMT's motion for summary judgment. According to plaintiffs, they "were poised to oppose" AMT's motion for summary judgment, "[b]ut for a delay in the receipt of [the] transcripts." (Plaintiffs' brief, p. 7.) Additionally, despite

not being able to file briefs in opposition to AMT's motions for summary judgment, plaintiffs argue that the case is not as "clear cut" as AMT contends, pointing to issues of fact in AMT's own summary-judgment pleadings.

{¶ 21} With regard to Onisha's claim, plaintiffs contend that questions of fact existed in AMT's motion for summary judgment. Plaintiffs cite to the evidence AMT submitted regarding a white AMT employee to support their claim that white employees were treated more favorably. AMT hired the white employee in June 2021. In July 2021, the white employee's father passed away. Both Onisha and the white employee were full-time temporary employees and were in their orientation period when bereavement leave was requested. The white employee received one full week of unpaid leave, while Onisha received less than one full day of leave. And as to Lawanda, plaintiffs maintained that the HR interviews AMT relied on to support its claim that it lacked knowledge of Lawanda's protected activity raised material questions of fact, because plaintiffs contended that the interviews contained multiple contradictory witness statements.

{¶ 22} In light of the foregoing, we cannot conclude that the trial court's decision was arbitrary. The mere fact that plaintiffs voluntarily dismissed their claims is not enough to warrant sanctions, especially when the record is devoid of any evidence of frivolous conduct. *See Halliwell*, 2000 Ohio App.LEXIS 5896 at *23 (8th Dist. Dec. 14, 2000), citing *White v. Soo*, 65 Ohio App.3d 731 (3d Dist. 1995). Indeed, this case lacks the overwhelming evidence of egregious conduct throughout the litigation that was present in *Bikkani* and *Lakeview*. Therefore, we

find that the trial court did not abuse its discretion in denying AMT's motions for sanctions without a hearing.

**{¶ 23}** The sole assignment of error is overruled.

**{¶ 24}** Accordingly, judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR