JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant New World Communications of Ohio, Inc. ("New World") appeals a common pleas court order awarding it attorney's fees in the amount of $2000. Appellant asserts that the court should have awarded it $27,164.50. The common pleas court did not abuse its discretion by awarding appellant $2000 in fees. Therefore, we affirm the court's judgment.
 i. Procedural History {¶ 2} In June and July of 2000, plaintiffs Donna, Cliff, and Christopher Stohlmann filed complaints alleging that the defendants made false and defamatory statements about them. It appears that the parties litigated claims maintained in an amended complaint which was never filed with the court, although it was served upon opposing counsel. In an order entered June 5, 2002, the court deemed the amended complaint mailed to the defendants on September 29, 2001[1] to have been filed with the clerk on that same date, but no copy was ever included in the record in this case.
 {¶ 3} Defendant-appellee New World claimed to have been improperly identified in the amended complaint as WJW-TV8. It filed a motion to dismiss some of plaintiffs' claims against it. Specifically, New World argued that the court should dismiss all claims made more than one year after the allegedly defamatory publications. The complaint alleged that New World made three defamatory statements in March and June 1998; New World contended that claims relating to these statements were time-barred. In addition, New World argued that another allegedly defamatory statement was true as a matter of law. The court granted New World's motion on November 20, 2000, stating that "paragraph 105 of the amended complaint is stricken." The court subsequently held that "paragraph 105 is deemed to have been only partially dismissed as to the issues raised in New World's motion to dismiss." As a result, two alleged defamatory statements remained at issue.
 {¶ 4} New World answered then filed a motion for summary judgment on March 5, 2002. The court granted this motion in part on August 22, 2002. It found that one of the two statements was subject to an innocent construction and therefore was not defamatory as a matter of law. However, the court found sufficient evidence to submit to a jury Donna Stohlmann's defamation claim concerning a news report by New World about the substance of a criminal charge to which Stohlmann pleaded guilty. The court explained the basis for this ruling more fully in an order denying New World's motion for reconsideration.
 {¶ 5} The case was set for trial on February 24, 2003. Just a few days before the scheduled trial, plaintiff voluntarily dismissed her complaint, without prejudice.
 {¶ 6} New World then moved the court to impose sanctions upon plaintiffs and their counsel for "frivolous conduct" pursuant to R.C. 2323.51. The court held a hearing on this motion then granted the motion in part and denied it in part. It found that a reasonable attorney should have recognized that the claims which were dismissed were not actionable. However, the court found no evidence that the plaintiffs themselves intended to harass or maliciously injure New World. It therefore concluded that the sanctions should be levied against plaintiffs' counsel, not plaintiffs. The court found no other frivolous conduct in this litigation. The court ordered New World Communications to submit a statement of reasonable costs and fees for the preparation and filing of the motion to dismiss and for seeking sanctions.
 {¶ 7} New World responded to this order with a "Statement of Fees and Expenses" based upon billing statements which were allegedly introduced by an attorney-witness at the hearing on the motion for sanctions; these billing statements have not been included in the record, apparently at New World's request.[2] The Statement of Fees and Expenses concluded that New World had incurred $11,665.50 in attorney's fees plus $24 in expenses on the motion to dismiss, and an additional $15,475 for attorney's fees on the motion for sanctions, for a total of $27,164.50. The court determined that New World had "failed to demonstrate with particularity how their claim for fees relates to services necessary to the aspect of the motion to dismiss for which judgment was granted, or why the amounts charged were reasonable." However, the court awarded New World attorney's fees of $2000 against plaintiffs' counsel, because plaintiffs conceded that $2000 was a reasonable fee.
 i. Law and Analysis {¶ 8} New World now argues that the court abused its discretion by awarding fees of only $2000 as sanctions against plaintiffs' counsel pursuant to R.C. 2323.51. "While we recognize that the frivolous conduct statute provides for an award of attorney's fees as the lone remedy for those `adversely affected' by such conduct, we reject the notion that a party is necessarily or presumptively `adversely affected' based solely upon the fundamental necessity to expend attorney's fees to defend a lawsuit in general. Where a determination has been made that * * * a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C.2323.51 attorney's fees must affirmatively
 {¶ 9} demonstrate that he or she incurred additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular." Wiltberger v. Davis (1996),110 Ohio App.3d 46, 54.
 {¶ 10} Even though much of its brief is devoted to an explanation of how the entire prosecution of this case was frivolous, New World does not challenge the common pleas court's decision that the only frivolous conduct in this case occurred when plaintiffs' counsel filed claims which were not warranted by existing law and which were dismissed on New World's motion. This conduct sets the parameters for the court's award.
 {¶ 11} The common pleas court did not abuse its discretion by concluding that New World had failed to demonstrate that this frivolous conduct caused it to incur all of the fees it claimed it incurred for preparation of the motion to dismiss. First, the statement of fees[3] includes more than two pages of items which predate the amended complaint in which New World was allegedly named. The total of these items — which cannot possibly relate to the motion to dismiss filed on New World's behalf — exceeds $3600, and includes charges for motions prepared for another defendant,[4] and charges relating to a proposed motion for a more definite statement and analysis of "counterclaim issues" which were never filed on New World's behalf and had nothing to do with the motion to dismiss.
 {¶ 12} There are $1279 in charges for various attorneys' review and analysis of the amended complaint between October 2 and 25, 2000; the purpose of this review is not directly related to the dismissal motion. Another $266 in charges for conferences concerning plaintiffs' request for an extension of time to respond to the motion to dismiss, and for review of the court's ruling, also were not clearly incurred in defending the claims which were found to be frivolous. Nearly $900 of the requested fees relate to the transcription of certain broadcasts. This service cannot be characterized as an attorney's fee. Based upon our own review of New World's statement of fees, we agree with the common pleas court that New World failed to show that the fees and other amounts it sought were "a direct, identifiable result of defending the frivolous conduct in particular."
 {¶ 13} The issues upon which New World sought to dismiss some of the claims against it were hardly novel. The statute of limitations defense for defamation claims is clear and well defined; this aspect of its motion to dismiss did not require extensive research. Nor was the truth defense based upon the plaintiff's guilty plea in a criminal proceeding a particularly challenging issue. Consequently, we find it difficult to justify the $969 in fees for preliminary memoranda and more than $4500 in fees charged by four different attorneys to draft, review and revise this simple 8 page motion. We find the trial court did not abuse its discretion by concluding that a $2000 fee for this motion was reasonable.
 {¶ 14} New World further asserts that it was entitled to an award of fees for its prosecution of the motion for sanctions. Although a court has the discretion to award fees incurred in prosecuting a motion for sanctions, there is no requirement that the court include such fees in its award under R.C. 2323.51. SeeRon Scheiderer Assoc. v. London (1998), 81 Ohio St.3d 94. The court's request for evidence of these fees is not the equivalent of having allowed New World to recover for them.
Affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J. Concurs.
 Corrigan, A.J. Dissents.
(SEE DISSENTING OPINION ATTACHED)
[1] The June 2002 order refers to an amended complaint mailed September 29, 2001. However, the pleadings and motions relating to the amended complaint which were filed beginning in October 2000 suggests that the amended complaint was actually mailed sometime in September 2000.
[2] At the hearing, New World's attorney posed the following request:
"MR. CLAY: Your Honor, before I forget, we would ask that Defendant's Exhibits 2 [a "summary of adverse effects" of this litigation on New World] and 3 [attorney billing records] be designated confidential and placed under seal by the Court and not included in the public record.
"THE COURT: That's all right.
"MR. CLAY: Thank you.
"THE COURT: You make sure they are handled in that way because I'm not going to do anything.
"MR. CLAY: Fine, Judge."
[3] There is no way to determine whether the charges included on the statement of fees correspond to charges actually made to New World by their counsel. The billing records were not offered or admitted into evidence at the hearing on the motion for sanctions, and were not included in the record of this case, apparently at New World's request. There was also no affidavit accompanying the statement of fees.
[4] Fox Broadcasting d/b/a WJW TV, Inc., was named in the original complaint. The claims against this defendant were voluntarily dismissed without prejudice in October 2000. One item in the statement of fees is a $280 charge to "complete draft of Motion to Strike of Fox Broadcasting and Motion to Dismiss of WJW Television * * *."