JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, NorthEast Ohio Neighborhood Health Services, Inc. ("NEON") and Total Health Care Plan, Inc. ("THCP"), appeal the trial court's *Page 3 
decision denying their motion for sanctions against plaintiff-appellee, Prasad Bikkani. Finding merit to the appeal, we reverse and remand the case for a hearing.
 Factual and Procedural History {¶ 2} Bikkani, a former employee of THCP, initiated the underlying case on June 27, 2005, approximately six years after his job termination, by filing pro se a 30-page, 107-paragraph complaint against 15 defendants, including NEON and THCP, purporting to allege claims for (1) fraud, (2) Ohio RICO violations, (3) race, sex, national origin, and age discrimination under Ohio and federal law, (4) wrongful termination, (5) loss of consortium, and (6) a shareholder's derivative action. NEON and THCP immediately responded to Bikkani's complaint by sending a letter and asking him to withdraw his claims because they were frivolous. The letter provided in pertinent part as follows:
 {¶ 3} "* * * I have reviewed the Complaint carefully, and am at a loss to understand what the basis of your claim against [NEON and THCP] * * * could be. You were not employed by NEON in 1999. Thus, you do not have, as a matter of law, a wrongful discharge/employment discrimination claim against NEON. * * * The Complaint fails to identify with particularity what, exactly, you allege my clients did that was wrong. Many of the purported claims against my clients are time-barred.
 {¶ 4} "The Complaint fails to allege any facts upon which NEON or THCP could possibly be liable to you. I write to you now to ask you to dismiss them from the case before we have to go through discovery and full-bore litigation. These *Page 4 
allegations against NEON and THCP lack any factual and legal merit. The claims against them are baseless and frivolous. NEON and THCP will defend them vigorously.
 {¶ 5} "My clients have authorized me to advise you that, if they have to litigate this case and prevail-as they expect that they will-they will seek to recover all of their attorneys' fees, costs, and expenses incurred in this case against you, pursuant to Ohio R. Civ. P. 11, R.C. 2323.51, Ohio's frivolous conduct statute, and other applicable laws and rules. * * *"
 {¶ 6} Bikkani did not withdraw his claims. Consequently, NEON and THCP moved to dismiss the claims and, in the alternative, moved for a more definite statement. Bikkani opposed the motions with a series of incomprehensible briefs. He further attempted to remove NEON's and THCP's counsel, Matthew T. Fitzsimmons, III, by filing on September 12, 2005, the first of four motions to disqualify attorney Fitzsimmons. In his motion, he argued that Fitzsimmons had a conflict of interest because he was a material witness in the case based on his prior representation of NEON and THCP. He further alleged that Fitzsimmons engaged in a series of ethical violations requiring his removal from the case. Prior to any ruling by the trial court on Bikanni's purported motion to disqualify attorney Fitzsimmons, he filed a second motion to disqualify and a motion to "disbar" a couple of months later, accusing Fitzsimmons of numerous wrongdoings, including falsifying pleadings and engaging in fraud. *Page 5 
 {¶ 7} On May 10, 2006, the trial court dismissed all claims except the state-law employment claims. In dismissing the other claims, the court specifically recognized that Bikkani's purported RICO and federal employment-related claims were time-barred. It further recognized that Bikkani failed to plead his fraud and RICO claims with particularity. Finally, the court dismissed Bikkani's purported shareholder derivative action because Bikkani, who was not a shareholder, lacked standing. The court also dismissed Bikkani's purported motions to disqualify/disbar attorney Fitzsimmons.
 {¶ 8} Shortly thereafter, NEON and THCP moved for sanctions under R.C. 2323.51 and Civ. R. 11, seeking to recover the attorney fees, costs, and expenses incurred by them successfully defending the dismissed claims and the motions to disqualify attorney Fitzsimmons. In support of their motion, they attached an expert report, verifying the reasonableness of their fees. Bikkani never opposed the motion. Instead, Bikkani filed an amended complaint, without leave of court, purporting to name attorney Fitzsimmons as a new party defendant, which the trial court ultimately struck.
 {¶ 9} Thereafter, NEON and THCP attempted to obtain discovery from Bikkani to defend against the remaining state-law discrimination claims. But Bikkani failed to respond to the discovery requests. In June 2006, NEON and THCP moved the trial court to compel Bikkani to comply with the discovery requests. While the *Page 6 
motion was pending, Bikkani filed his third motion to disqualify attorney Fitzsimmons, along with a request that the trial court "disbar" him.
 {¶ 10} On July 11, 2006, the trial court ordered Bikkani to provide the discovery responses, including signed authorizations to release medical records, and notified him that his failure to comply could result in sanctions. After the court-imposed deadline for the discovery responses passed, NEON and THCP moved to dismiss the complaint due to Bikkani's failure to comply.
 {¶ 11} On July 25, 2006, the trial court denied Bikanni's third motion to disqualify attorney Fitzsimmons and his request to have him disbarred, which Bikkani unsuccessfully appealed.[1]
 {¶ 12} Shortly thereafter, NEON and THCP moved to dismiss the complaint again after Bikkani failed to appear a second time for his noticed deposition.
 {¶ 13} On August 17, 2006, the trial court denied the motions to dismiss and gave Bikanni a second opportunity to comply with the discovery requests. But because Bikanni ignored the court's earlier order to provide executed medical-records authorizations, the court barred Bikanni from presenting any evidence at trial *Page 7 
of medical and psychological damages. The trial court further warned that Bikanni's failure to respond to the discovery requests (after having already been granted numerous extensions) could result in dismissal of the case.
 {¶ 14} Bikanni ignored the August 17 order and failed to provide responses to NEON's and THCP's discovery requests. Consequently, NEON and THCP moved to dismiss the case for the fourth time. Bikanni subsequently filed his fourth motion in the trial court to disqualify attorney Fitzsimmons and again asked that Fitzsimmons be disbarred. On October 3, 2006, the trial court dismissed Bikanni's complaint as to all defendants and denied his fourth motion to disqualify/disbar attorney Fitzsimmons.
 {¶ 15} Within thirty days of the final judgment, NEON and THCP filed a supplemental motion for sanctions, seeking to recover the attorneys' fees, costs, and expenses incurred in defending Bikanni's frivolous claims, motions, and arguments. The trial court, without holding a hearing, denied the motion. From that order, NEON and THCP appeal, raising the following assignment of error:
 {¶ 16} "[1] The trial court erred as a matter of law and to the substantial prejudice of defendants-appellants NorthEast Ohio Neighborhood Health Services, Inc. and Total Health Care Plan, Inc. by denying their Motion for Sanctions and Supplemental Motion for Sanctions, pursuant to R.C. 2323.51 and Ohio R. Civ. P. 11."
 Civ. R. 11 and R.C. 2323.51 *Page 8 {¶ 17} NEON and THCP argue in their sole assignment of error that the trial court erred in denying their motions for sanctions under R.C. 2323.51, Ohio's frivolous conduct statute, and Civ. R. 11. They argue that Bikanni engaged in frivolous conduct and willful violations of Civ. R. 11 throughout the litigation, forcing them to unnecessarily incur attorney fees and other related expenses, and thereby warranting the granting of their motions.
 {¶ 18} Ohio law provides two separate mechanisms for an aggrieved party to recover attorney fees for frivolous conduct: R.C. 2323.51 and Civ. R. 11. Sigmon v. Southwest Gen. Health Ctr., 8th Dist. No. 88276,2007-Ohio-2117, ¶ [14. Although both authorize the award of attorney fees as a sanction for frivolous conduct, they have separate standards of proof and differ in application. Id.
 {¶ 19} Civ. R. 11 governs the signing of pleadings, motions, and other documents and provides in pertinent part that:
 {¶ 20} "The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, *Page 9 
including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 {¶ 21} In determining whether a pro se party's conduct violates Civ. R. 11, the trial court should consider whether the party signing the document: (1) has read the document, (2) harbors good grounds to support the document to the best of the person's knowledge, information, and belief, and (3) did not file the document for purposes of delay.Mitchell v. Western Reserve Area Agency on Aging, 8th Dist. Nos. 83837 and 83877, 2004-Ohio-4353, ¶ 18. If the pro se party fails to meet one of these requirements and the failure was willful, as opposed to merely negligent, the person may be subject to sanctions, including an award of reasonable attorney fees and expenses incurred by the opposing party bringing any motion under Civ. R. 11. Id. In deciding whether a violation was willful, the trial court must apply a subjective bad faith standard.Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶ [12.
 {¶ 22} R.C. 2323.51, conversely, applies an objective standard in determining frivolous conduct, as opposed to a subjective one. StateFarm Ins. Co. v. Peda, 11th Dist. No. 2004-L-082, 2005-Ohio-3405. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. Ceol v. Zion Indus.,Inc. (1992), 81 Ohio App.3d 286, 289.
 {¶ 23} "Frivolous conduct" is defined under the statute as conduct that satisfies any of the following: *Page 10 
 {¶ 24} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 25} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 26} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 {¶ 27} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief." R.C. 2323.51(A)(2)(a)(i)-(iv).
 {¶ 28} A trial court's finding of frivolous conduct alone, however, is insufficient to support an award of attorney fees under the statute. The trial court must also determine whether the frivolous conduct adversely affected the party moving for attorney fees. Stohlmann v. Hall,158 Ohio App.3d 499, 2004-Ohio-5219, ¶ 8. "Where a determination has been made that * * * a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51
attorney's fees must affirmatively demonstrate that he or she incurred *Page 11 
additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular." Id., quoting Witlberger v.Davis (1996), 110 Ohio App.3d 46, 54.
 {¶ 29} Notably, both R.C. 2323.51 and Civ. R. 11 allow for the imposition of sanctions against a pro se litigant. See Burrell v.Kassicieh (1998), 128 Ohio App.3d 226. Under Ohio law, pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes. Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363. The mere fact that a party is pro se does not shield the party from the imposition of sanctions when the party engages in frivolous conduct.Burrell, supra. Indeed, a court's refusal to hold a pro se litigant to the same standard as an attorney who engages in frivolous and egregious conduct would only defeat the purpose of R.C. 2323.51 and Civ. R. 11: to deter vexatious and harassing litigation. See, generally, Shaffer v.Mease (1991), 66 Ohio App.3d 400, 406. And although R.C. 2323.51, which is broader in scope than Civ. R. 11, should be applied carefully so that legitimate claims are not chilled, and parties are not punished for mere misjudgment or tactical error, trial courts nevertheless "must have the courage to further the goals of the statute" and impose sanctions whenever appropriate. Ceol, supra at 292 (internal quotations omitted); see, also, Beaver Excavating Co. v. Perry Twp. (1992),79 Ohio App.3d 148; Turowski v. Johnson (1991), 70 Ohio App.3d 118. *Page 12 
 {¶ 30} The decision to grant sanctions under R.C. 2323.51 and Civ. R. 11 rests with the sound discretion of the trial court. Taylor v.Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27. A reviewing court will not reverse a trial court's decision to deny or grant sanctions absent an abuse of discretion. Id.; Jurick v.Jackim, 8th Dist. No. 89997, 2008-Ohio-2346.
 {¶ 31} Although ordinarily a trial court does not have to hold a hearing if it denies a motion for attorney fees and costs under R.C. 2323.51 or Civ. R. 11, Ohio courts have recognized that a trial court abuses its discretion when it "arbitrarily" denies a request for attorney fees. Turowski v. Johnson (1990), 68 Ohio App.3d 704;Mitchell v. Western Reserve Area Agency on Aging, 8th Dist. Nos. 83837 and 83877, 2004-Ohio-4353, ¶ 27. Compare Pisani v. Pisani (1995),101 Ohio App.3d 83 (recognizing that a hearing is not required when the court determines, upon consideration of the motion and in its discretion, that the motion lacks merit). An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing. Id. Similarly, if an arguable basis exists for an award of sanctions under Civ. R. 11, a trial court must hold a hearing on the motion. Fitworks Holdings, L.L.C. v. Pitchford-El, 8th Dist. No. 88364, 2007-Ohio-2517, ¶ 14, citing Capps v. Milhem, 2nd Dist. No. 03AP-251, 2003-Ohio-5212.
 {¶ 32} Here, the trial court never held a hearing on NEON's and THCP's requests for attorney fees and costs under R.C. 2323.51 and Civ. R. 11, despite the *Page 13 
overwhelming evidence of egregious conduct throughout the litigation. The record clearly evidences frivolous conduct as well as an arguable basis to impose sanctions under Civ. R. 11.
 {¶ 33} In their motions, NEON and THCP presented ample evidence of Bikanni's refusal to dismiss claims that he knew or should have known were time-barred. Indeed, NEON and THCP notified Bikanni by letter immediately after the filing of his complaint. And even after NEON and THCP filed their motions to dismiss, Bikanni refused to dismiss the time-barred claims. Bikanni also should have known that he lacked standing, as recognized by the trial court, to bring a shareholder derivative action when he was never a shareholder.
 {¶ 34} The record further reveals that Bikanni filed four motions to disqualify appellees' counsel, three of which also sought to disbar attorney Fitzsimmons. Apart from the fact that the trial court has no jurisdiction to disbar appellees' counsel and that Bikanni failed to provide any credible evidence or sound legal argument in support of his motions to disqualify, Bikanni filed the same motion four separate times. Notably, Bikanni's motions became more inflammatory and outrageous as the litigation progressed, accusing Fitzsimmons of a myriad of wrongdoings, including criminal conduct, fraud, and deceit. And, astonishingly, Bikanni appealed the denial of his third motion to disbar/disqualify to this court and, after his appeal was dismissed, he further sought review by the Ohio Supreme Court. Consequently, both this court and the Ohio Supreme Court awarded attorney fees to NEON and *Page 14 
THCP for having to defend the frivolous appeals. And the Ohio Supreme Court subsequently deemed Bikanni a vexatious litigator.
 {¶ 35} Our review of the record further reveals that Bikanni blatantly disregarded the civil rules of procedure throughout the litigation, especially as they relate to discovery. Bikanni failed to provide any discovery responses despite court orders to do so. He twice failed to appear for his deposition despite being duly notified. He improperly sought to obtain privileged communications from the law firm representing NEON and THCP and improperly served subpoenas throughout the litigation. Further, upon unsuccessfully moving to disqualify attorney Fitzsimmons, Bikanni filed, without leave, an amended complaint, naming Fitzsimmons as a defendant. Bikanni's conduct not only delayed the proceedings but it forced NEON and THCP to incur additional expenses by having to respond to such misconduct.
 {¶ 36} Accordingly, we sustain the sole assignment in part, finding that the trial court abused its discretion in denying NEON and THCP's motions for sanctions without holding a hearing. To the extent that NEON and THCP seek a determination as to each and every act that entitles them to attorney fees under R.C. 2323.51 and Civ. R. 11, we decline to reach this issue without the trial court first holding an evidentiary hearing. We further express no opinion as to whether the attorney fees sought are necessary or reasonable, a matter left to the sound discretion of the trial court. *Page 15 
 {¶ 37} Judgment reversed and case remanded for an evidentiary hearing and the trial court's reconsideration of an award of attorney fees.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] On August 24, 2006, Bikanni, pro se, filed a notice of appeal, challenging the trial court's denial of his third motion to disqualify/disbar attorney Fitzsimmons. This court dismissed the appeal sua sponte for lack of a final appealable order. See Bikanni v.Lee, 8th Dist. No. 88650, Judgment Entry dated Sept. 26, 2006. Bikanni subsequently moved this court to reconsider, which we denied. Notably, this court awarded NEON and THCP sanctions and ordered Bikanni to cover, in part, their attorney fees incurred in defending the frivolous appeal. Id., Judgment Entry dated Oct. 10, 2006. Bikanni appealed this court's order to the Ohio Supreme Court, which dismissed his appeal, awarded sanctions, and ultimately declared Bikanni to be a vexatious litigator. See Bikani v. Lee, Ohio Supreme Court Case No. 2006-2073, Judgment Entry dated Feb. 28, 2007. *Page 1