[Cite as *Brown v. Carlton Harley Davidson, Inc.*, 2014-Ohio-5157.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101494

## BRUCE ANDREW BROWN, ETC., ET AL.

PLAINTIFFS-APPELLEES

vs.

## CARLTON HARLEY-DAVIDSON, INC., ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-780833

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 20, 2014

**ATTORNEYS FOR APPELLANTS**

John R. Conley
Christina J. Marshall
Lawrence A. Sutter
Sutter O'Connell Co.
3600 Erieview Tower
1301 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEES**

Robert Smith, III
Law Offices of Robert Smith III, L.L.C.
3047 Prospect Avenue
Cleveland, Ohio 44115

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendants-appellants, Carlton Harley-Davidson, Inc. and Jane Carlton (collectively "appellants"), appeal from the trial court's denial of their motion for an award of court costs, reasonable attorney fees and other reasonable expenses pursuant to R.C. 2323.51, without first conducting an evidentiary hearing required by statute and case law. Finding merit to the appeal, we reverse and remand.

{¶2} In April 2012, plaintiffs-appellees, Bruce Andrew Brown and B. Andrew Brown & Associates, L.L.C. (collectively "appellees"), filed suit against appellants, their third complaint against them in the last four years. Appellants filed counterclaims, pursuant to R.C. 2323.52, arguing that appellees were vexatious litigators who had filed frivolous lawsuits against them on three separate occasions and related to a common set of facts.[1]

{¶3} In March 2014, appellants filed a motion for summary judgment on their vexatious litigator counterclaims. Appellants argued that all three civil complaints were related to the same transaction and involved the same misrepresentations made to the trial court for the purpose of harassment, hindrance, and delay. On May 19, 2014, the trial court granted appellants' unopposed motion for summary judgment and found that appellees were vexatious litigators pursuant to R.C. 2323.52. The trial court found that appellees' conduct was both intimidating and harassing in nature, and that the duplicative filings were used to maliciously injure appellants.

---

[1] CV-10-724016, CV-11-766002, CV-12-780833. *See also Brown v. Harley-Davidson*, 8th Dist. Cuyahoga No. 99761, 2013-Ohio-4047, ¶ 2 *("Brown I")*.

**{¶4}** On April 14, 2014, appellants filed a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses pursuant to R.C. 2323.51. On May 23, 2014, the trial court denied appellants' motion without explanation. It is from this denial that appellants now appeal.

**{¶5}** In their sole assignment of error, appellants argue the trial court abused its discretion in denying their motion for an award of court costs, reasonable attorney fees, and other reasonable expenses pursuant to R.C. 2323.51.

**{¶6}** Ohio law provides two separate mechanisms for an aggrieved party to recover attorney fees for frivolous conduct: R.C. 2323.51 and Civ.R. 11. *Sigmon v. Southwest Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 88276, 2007-Ohio-2117, ¶ 14. A decision on whether to award sanctions under R.C. 2323.51 will not be reversed absent an abuse of discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11, citing *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 98, 689 N.E.2d 552 (1998).

**{¶7}** "Frivolous conduct" is defined under the statute as conduct that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i).

**{¶8}** However, a trial court's finding of frivolous conduct alone is insufficient to support an award of attorney fees under the statute. The trial court must also determine whether the frivolous conduct adversely affected the party moving for attorney fees. *Stohlmann v. Hall*, 158 Ohio App.3d 499, 2004-Ohio-5219, 817 N.E.2d 118, ¶ 8 (8th Dist.).

> Where a determination has been made that * * * a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney's fees must affirmatively demonstrate that he or she

incurred additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular.

*Id*. at ¶ 8, quoting *Wiltberger v. Davis*, 110 Ohio App.3d 46, 54, 673 N.E.2d 628 (10th Dist.1996).

**{¶9}** R.C. 2323.51(B)(2)(a-c) provides that a trial court may grant a motion for an award of costs and attorney fees, but only after doing the following:

> (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
>
> (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
> (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.

Furthermore, in *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 31, this court held that,

> [a]lthough ordinarily a trial court does not have to hold a hearing if it denies a motion for attorney fees and costs under R.C. 2323.51 or Civ.R. 11, Ohio courts have recognized that a trial court abuses its discretion when it "arbitrarily" denies a request for attorney fees. *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 589 N.E.2d 462; *Mitchell v. Western Reserve Area Agency on Aging*, 8th Dist. Nos. 83837 and 83877, 2004-Ohio-4353, ¶ 27. Compare *Pisani v. Pisani* (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355 (recognizing that a hearing is not required when the court determines, upon consideration of the motion and in its discretion, that the motion lacks merit). An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing. *Id*.

{¶10} In the instant case, the trial court deemed appellees vexatious litigators. R.C. 2323.52 defines "vexatious conduct" in relevant part as (1) conduct that serves merely to harass or maliciously injure another party, (2) conduct that is not warranted under existing law and that cannot be supported by a good faith argument for extension, modification or reversal, or (3) conduct that is imposed solely for the purpose of delay. This definition of "vexatious conduct" is consistent with the definition of "frivolous conduct" found in R.C. 2323.51.

{¶11} Having found appellees to be vexatious litigators, it follows that their conduct would be considered "frivolous" pursuant to R.C. 2323.51. Therefore, we find the trial court's decision to deny appellants' motion for an award of court costs, reasonable attorney fees and other reasonable expenses pursuant to R.C. 2323.51, without a hearing and without opinion, to be arbitrary.

{¶12} An arguable basis exists for appellants to be awarded court costs, reasonable attorney fees and other reasonable expenses in the instant case, thus the trial court abused its discretion in denying appellants' motion without first conducting a hearing. Accordingly, appellants' sole assignment of error is sustained.

{¶13} Judgment reversed and case remanded for an evidentiary hearing and the trial court's reconsideration of appellants' motion for an award of court costs, reasonable attorney fees and other reasonable expenses pursuant to R.C. 2323.51.

{¶14} It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR