[Cite as *Full Spectrum Invests., L.L.C. v. Victory Marketing & Consultant, Inc.*, 2021-Ohio-4169.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FULL SPECTRUM
INVESTMENTS, L.L.C.,                          :

     Plaintiff-Appellee,               :

                                    No. 110431

     v.                                :

VICTORY MARKETING AND
CONSULTANT, INC., ET AL.,                     :

     Defendants-Appellants.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 24, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-923678

---

### *Appearances:*

Law Office of Mark E. Porter, L.L.C., Mark E. Porter, and
Sean R. Porter, *for appellee.*

L. Bryan Carr, *for appellants.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Victory Marketing and Consultant, Inc., Victory Marketing and Consultant, L.L.C., and Vicky Cartwright (collectively "Victory") appeal the trial court's decision denying Victory's motion in which Victory sought sanctions against

Full Spectrum Investments, L.L.C. ("FSI") and its attorney of record, filed under R.C. 2323.51 and Civ.R. 11.  For the following reasons, we affirm.

{¶ 2}  FSI filed a complaint alleging breach of contract, fraud, forcible entry and detainer, foreclosure, and unjust enrichment stemming from the purchase of real property owned and sold by Victory.  During the pretrial proceedings, FSI and Victory settled their claims and executed a written document memorializing their agreement.  In that "Release and Settlement Agreement," Victory agreed, in exchange for FSI dismissing them from the action, that they would pay off the encumbrances on the property including the mortgages owed to Third Federal Savings & Loan Association and the outstanding debt to Bartlett Pointe Homeowners Association "on or before September 30, 2020."  The homeowners association held a lien on the property's title based on an outstanding debt.  In addition, Victory agreed to reimburse FSI for a mortgage payment "on or before October 30, 2020."

{¶ 3}  In the documentation that Victory submitted to the trial court in support of its motion for sanctions, the latter two of those payments were late.  Bartlett Pointe received the check for the balance owed on November 24, 2020, and Victory issued a check to FSI on December 2, 2020.  FSI's then counsel of record accepted the payment for FSI and filed a notice of voluntary dismissal of the claims against Victory.  Theodore Parker, Jr., the sole member of FSI, immediately fired his attorney of record, and retained new counsel, who filed a motion to vacate the dismissal entry under Civ.R. 60(B).  According to Parker, he had instructed his then

counsel of record to reject the late payments that were not tendered in accordance with the parties' express agreement.

{¶ 4} The trial court denied the motion to vacate, concluding that

> Plaintiff's motion does not allege or address whether plaintiff has a meritorious claim. Plaintiff's motion does not include an affidavit or any supporting evidence. It should be noted that the brief in opposition to plaintiff's motion alleges that the plaintiff, defendants Victory Marketing Consultant and Vicky Cartwright settled this action. Defendants include a copy of a signed settlement agreement as Exhibit A to their motion. Moreover, the signed settlement agreement was notarized. A deed from plaintiff to defendants was executed as shown in Exhibit B of the motion and the deed was notarized and mailed to defendants along with the settlement agreement from Theodore Parker with an address in Georgia. Additionally, defendants, as set forth in the settlement agreement, paid Third Federal approximately $140,000.00 (see Exhibit D) and paid defendant Bartlett $2,629.50 (see Exhibit E). Defendants paid plaintiff the sum of $1,244.81 (see Exhibit H). As set forth in the settlement agreement, plaintiff's claims against the aforementioned defendants were to be dismissed with prejudice after the sums of money were paid. Said claims were dismissed by entry.

Thus, the trial court elevated the spirit of the agreement over a fastidious adherence to the express terms. In response to the trial court's decision, Victory filed a motion for sanctions, claiming that the motion to vacate was "obviously frivolous and a vexatious, bad faith filing." According to Victory, it had complied with the terms of the settlement agreement according to the trial court and FSI and "his counsel knew full well [that Victory was] to be dismissed from the litigation." The trial court denied that motion for sanctions.

{¶ 5} In the sole assignment of error, Victory claims the trial court erred by denying its motion for sanctions.

**{¶ 6}** Under R.C. 2323.51, a trial court may award attorney fees to a party aggrieved by frivolous conduct in a civil action. *Grimes v. Oviatt*, 2019-Ohio-1365, 18, 135 N.E.3d 378 (8th Dist.). Frivolous conduct is defined under R.C. 2323.51 as conduct that "obviously" serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose; is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law; and consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. The decision to grant or deny sanctions under R.C. 2323.51 is well within the sound discretion of the trial court. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 30. Determining whether an attorney is subject to sanctions for a willful violation of Civ.R. 11 requires application of a subjective standard. *Id.* at ¶ 21. The violation must be willful and not merely negligent to warrant sanctions under Civ.R. 11. *Id.*

**{¶ 7}** The decision to grant sanctions under R.C. 2323.51 and Civ.R. 11 rests with the sound discretion of the trial court. *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 677 N.E.2d 1212 (8th Dist.1996). "An appellate court will not reverse a trial court's decision either granting or denying sanctions absent finding an abuse of discretion. *Grimes* at ¶ 20. We are mindful, however, that simply advancing a losing argument does not amount to frivolous conduct." *Musial*

*Offices, Ltd. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 108810, 2021-Ohio-2325, ¶ 20.

{¶ 8} In addition, and as a general rule, the trial court is not required to hold a hearing before denying a motion for sanctions "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Pisani v. Pisani*, 101 Ohio App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). However, courts have found that a trial court abuses its discretion when it arbitrarily denies a motion for sanctions. *Bikkani* at ¶ 31. This court has held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions." *Id.* Further, concluding that a party engaged in frivolous conduct in and of itself is insufficient to support an award of attorney fees under the statute. *Id.* at ¶ 28. The court "must also determine whether the frivolous conduct adversely affected the party moving for attorney fees." *Id.*, citing *Stohlmann v. Hall*, 158 Ohio App.3d 499, 2004-Ohio-5219, 817 N.E.2d 118, ¶ 8 (8th Dist.). "The party seeking R.C. 2323.51 attorney's fees must affirmatively demonstrate that he or she incurred additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular." *Id.*, citing *Stohlmann* and *Wiltberger v. Davis*, 110 Ohio App.3d 46, 54, 673 N.E.2d 628 (10th Dist.1996).

{¶ 9} Frivolous conduct under R.C. 2323.51(A)(2)(a) for the purposes of the factual component of a claim, "is judged under an objective, rather than a subjective standard and must involve egregious conduct." (Citation omitted.) *State ex rel.*

*DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 21. A party cannot base the claim of frivolous conduct upon merely providing a winning theory over the dispute or proving the opposing party's factual assertions were incorrect. *Id.*, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30 ("'A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim'"), and *Hickman v. Murray*, 2d Dist. Montgomery No. CA-15030, 1996 Ohio App. LEXIS 1028, 5 (Mar. 22, 1996).

{¶ 10} Initially, it bears noting that parties seeking to claim frivolous conduct based on allegations that opposing parties breached a settlement agreement had best come to the court with clean hands. Victory's sole claim, underlying the allegations of frivolity and the willful misconduct of FSI's counsel of record, is based on the allegation that FSI breached the settlement agreement by seeking to vacate the dismissal despite the undisputed fact that Victory failed to comply with the agreed deadlines under their written settlement agreement. Victory was entitled to the dismissal of the action only if it complied with the terms of the settlement agreement. As a general principle, parties are not permitted to pick and choose which provisions of a contract they choose to enforce. *McInnis v. Spin Cycle-Euclid, L.L.C.*, 8th Dist. Cuyahoga No. 91905, 2009-Ohio-2370, ¶ 20.

{¶ 11} In this case, Victory's claim that FSI and its counsel of record engaged in frivolous conduct is entirely premised on its demonstration that Victory complied with the terms of the settlement agreement and FSI was required to dismiss them from the action. In other words, Victory is claiming FSI breached the clear and unambiguous terms of the settlement agreement by seeking to vacate the dismissal entry contractually required.

{¶ 12} Victory, however, did not demonstrate that it complied with the deadlines to tender the payments as agreed within the settlement agreement; it issued checks to the homeowners association and to FSI undisputedly after the self-imposed deadlines in light of the evidence Victory submitted. As a result, Victory opened the door to contesting its adherence to the terms of the settlement agreement, giving rise to a colorable claim that the action should not have been dismissed by FSI's then attorney. Although FSI failed to present a prima facie case for vacating the dismissal entry under Civ.R. 60(B) and Victory asserted a theory under which the trial court could deny the motion to vacate, merely providing a winning theory is not sufficient to demonstrate frivolous conduct. *DiFranco,* 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, at ¶ 15, citing *Striker,* 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, at ¶ 21. If the deadlines to submit the payments were unimportant, Victory should not have agreed to those terms in the written settlement agreement.

{¶ 13} Having demonstrated a colorable basis to support the motion to vacate the dismissal entry, it cannot be concluded that FSI or its counsel of record

engaged in frivolous or willful misconduct based on the arguments presented. As a result, we affirm the decision of the trial court denying Victory's motion for sanctions.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR