[Cite as *Sworak v. Great Lakes Recreational Vehicle Assn.*, 2021-Ohio-4309.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PETER SWORAK,                               :

    Plaintiff-Appellee,                 :

                                      No. 110137

    v.                                  :

GREAT LAKES RECREATIONAL
VEHICLE ASSN., ET AL.,                      :

    Defendants-Appellants.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 9, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-19-925882

---

### *Appearances:*

Law Offices of Warner Mendenhall, Warner Mendenhall, and Logan Trombley, *for appellee*.

Law Offices of James J. Collum, L.L.C., and James J. Collum, *for appellant* Great Lakes Recreational Vehicle Association.

Plakas Mannos, Edmond J. Mack, Maria C. Klutinoty Edwards, and Brandon W. McHugh, *for appellants* Robert Pastore, Robert Moore, Scott Miller and Jennifer Radel.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Great Lakes Recreational Vehicle Association, Robert Pastore, Robert Moore, Scott Miller, and Jennifer Radel[1] (collectively "GLRVA") appeal the trial court's decision denying GLRVA's motion seeking sanctions against Peter Sworak, filed under R.C. 2323.51. For the following reasons, we affirm.

{¶ 2} GLRVA is an industry trade association, organized as a nonprofit organization that promotes the recreational vehicle industry in northeast Ohio through support of local dealers and general advocacy. One of its functions involved the annual Ohio RV Supershow, which used to be hosted at the I-X Center in Cleveland, Ohio. Local dealers comprise the general membership of GLRVA. There are 12 such members.

{¶ 3} Sworak is an owner of Camper Care, an RV dealership located in Rootstown, Ohio. Camper Care was a member of GLRVA until mid-2020 and Sworak had served on the GLRVA board for 15 years. At the end of 2017, Sworak accused GLRVA of violating its code of conduct by knowingly taking a product line from Camper Care at a board meeting. That matter was litigated in Portage County, with Sworak claiming success. Sworak believed that the incident soured his relationship with the president of GLRVA, Pastore, who then orchestrated pretextual actions to remove Sworak and ultimately Camper Care from GLRVA.

---

[1] All of the individually named defendants were named in their official capacity under GLRVA's corporate structure.

{¶ 4} GLRVA has four members of the board of trustees, who volunteer their time. Until 2018, the board members, including Sworak, maintained long tenures without running for reelection to their positions. According to GLRVA, it was then decided to start replacing the individual board members, so that other members of GLRVA would have the opportunity to sit on the board, starting with the longest tenured trustee first. Sworak was the first to be replaced through a general vote of the GLRVA members.

{¶ 5} Approximately eight months after Sworak was replaced and the new board member sworn in, a general membership meeting was held to discuss the then upcoming Supershow being held at the I-X Center. There were two options being proposed dealing with GLRVA advertising expenditures. GLRVA would either spend the funds on television advertising or use the funds as a credit to the member's floor space purchases from the I-X Center for the 2020 Supershow. Ten of the twelve general members were present for the voting, but only seven voted — four in favor of the credit option and three in favor of the advertising.

{¶ 6} The second issue resolved at the meeting involved picking the floor space for the Supershow. The previous year, GLRVA implemented a new method on the spacing issue. The members present voted in favor of GLRVA using the previous system that had been used for approximately 20 years because the newer method produced conflicts and spacing issues among the membership. The board accepted the votes and proceeded based on the chosen directions.

{¶ 7} In November 2019, Sworak filed the underlying action, claiming the board of trustees violated its fiduciary duties by removing Sworak from his position as a trustee and creating policies that harmed the smaller dealer-members of GLRVA. According to Sworak, GLRVA refused to provide any details about the decision to remove him as a member of the board of trustees and the removal precluded him from nominating himself for the board in the future. Sworak also questioned GLRVA's meeting minutes and financial transparency. He had previously requested meeting minutes for GLRVA general meetings but was told GLRVA lacked the records. Further, GLRVA would provide its members access to only one financial statement at the annual meeting for five minutes while rejecting other members' requests to inspect the books.

{¶ 8} In April 2020, GLRVA sent a letter to Sworak's counsel of record threatening sanctions for the filing of the complaint. In addition, Camper Care's membership in GLRVA was terminated by the board based on "several years" of alleged violations of GLRVA's bylaws and code of conduct committed by Sworak. GLRVA offered Sworak a hearing at which he and his counsel presented evidence in his defense.

{¶ 9} In October 2020, Sworak voluntarily dismissed his complaint against GLRVA. Within the statutory time frame, GLRVA filed a motion for sanctions under R.C. 2323.51 against Sworak. The trial court denied the motion, and this appeal followed. After oral argument was originally set, GLRVA filed a motion to stay the proceedings. Sworak had refiled his complaint in the Summit County Common

Pleas Court, and GLRVA represented that the parties had reached a "settlement in principle" that obviated the need to proceed on this appeal. In accordance with GLRVA's request and Loc.App.R. 20, the matter was temporarily stayed to no avail. As a result, we will address the arguments as presented.

{¶ 10} In the first assignment of error, GLRVA claims the trial court erred by denying its motion for sanctions without a hearing.

{¶ 11} Under R.C. 2323.51, a trial court may award attorney fees to a party aggrieved by frivolous conduct in a civil action. *Grimes v. Oviatt*, 2019-Ohio-1365, 135 N.E.3d 378, ¶ 18 (8th Dist.). Frivolous conduct is defined under R.C. 2323.51 as conduct that "obviously" serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose; is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law; and consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. The decision to grant or deny sanctions under R.C. 2323.51 is well within the sound discretion of the trial court. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 30. An appellate court will not reverse a trial court's decision either granting or denying sanctions absent finding an abuse of discretion. *Grimes* at ¶ 20. We are mindful, however, that "simply

advancing a losing argument does not amount to frivolous conduct." *Musial Offices, Ltd. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 108810, 2021-Ohio-2325, ¶ 20.

{¶ 12} As a general rule, the trial court is not required to hold a hearing before denying a motion for sanctions "when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." *Pisani v. Pisani*, 101 Ohio App.3d 83, 88, 654 N.E.2d 1355 (8th Dist.1995). However, courts have found that a trial court abuses its discretion when it arbitrarily denies a motion for sanctions. *Bikkani* at ¶ 31. This court has held that a trial court abuses its discretion by denying a motion for sanctions without a hearing if either the "record clearly evidences frivolous conduct" or "an arguable basis exists for an award of sanctions." *Id.* Further, concluding that a party engaged in frivolous conduct in and of itself is insufficient to support an award of attorney fees under the statute. *Bikkani* at ¶ 28. The court "must also determine whether the frivolous conduct adversely affected the party moving for attorney fees." *Id.*, citing *Stohlmann v. Hall*, 158 Ohio App.3d 499, 2004-Ohio-5219, 817 N.E.2d 118, ¶ 8 (8th Dist.). "[T]he party seeking R.C. 2323.51 attorney's fees must affirmatively demonstrate that he or she incurred additional attorney's fees as a direct, identifiable result of defending the frivolous conduct in particular." *Id.*, citing *Stohlmann* and *Wiltberger v. Davis*, 110 Ohio App.3d 46, 54, 673 N.E.2d 628 (10th Dist.1996).

{¶ 13} GLRVA maintains that the filing of the complaint constituted frivolous conduct because the trial court lacked jurisdiction to consider the first

count of the complaint that was a "clearly a disguised" quo warranto action over which only the Ohio Supreme Court and a court of appeals has jurisdiction. R.C. 2733.03. "A quo warranto action is '"the proper and exclusive remedy for determining the legal right of an officer of an incorporated nonprofit association to hold office.'"" *Kirby v. Oatts*, 2020-Ohio-301, 151 N.E.3d 1083, ¶ 18 (2d Dist.), quoting *State ex rel. Gmoser v. Village at Beckett Ridge Condominium Owners' Assn., Inc.*, 2016-Ohio-8451, 82 N.E.3d 464, ¶ 15 (12th Dist.), and *Carlson v. Rabkin*, 152 Ohio App.3d 672, 2003-Ohio-2071, 789 N.E.2d 1122, ¶ 35 (1st Dist.). We need not get into the intricacies of quo warranto actions.

{¶ 14} On this point, GLRVA relies on *Kirby*, in which the panel affirmed the trial court's dismissal of an action based on the lack of jurisdiction to provide quo warranto relief. In that case, however, the Second District panel distinguished cases in which a plaintiff seeks to remove a trustee, which is the hallmark of a quo warranto action, from those in which the trial court determines that the trustee was properly removed under the controlling bylaws or other regulations. *Id.* at ¶ 23, citing *N. Dayton First Church of God v. Berger*, 2d Dist. Montgomery No. 18171, 2000 Ohio App. LEXIS 4964 (Oct. 27, 2000). The latter is within the trial court's jurisdictional purview. The *Kirby* panel ultimately concluded that the plaintiff's claims included the removal of a trustee, which could be remedied only through a writ of quo warranto within either the Ohio Supreme Court or the appellate court's exclusive jurisdiction.

{¶ 15} That conclusion, however, was fact-dependent. As the Second District expressly noted, each claim must be evaluated based on the nuances of the claims advanced and relief sought. Sworak sought a declaration that he was improperly removed from his position as a member of the board, similar to the claims discussed in *N. Dayton First Church of God* in which the trial court's decision declaring the validity of the removal was affirmed, and in part, absent the improper removal, Sworak would be eligible to nominate himself for a new board position. At the least, there is a colorable claim sustaining the trial court's jurisdiction in this case. Although the trial court arguably lacked jurisdiction over an aspect of the complaint, not all the relief sought fell under the ambit of a quo warranto action. In light of that, it cannot be concluded that Sworak lacked a good faith belief that the trial court possessed jurisdiction over claims and remedies asserted in the first count of the complaint.

{¶ 16} In addition, GLRVA claims that Sworak lacked any evidentiary support for his claims advanced in Counts Two and Three of the complaint. The second count included a claim for declaratory relief seeking a declaration that the policies adopted by GLRVA discriminated against the smaller dealer-members of the association. The third count of the complaint alleged that GLRVA improperly and unlawfully maintained its financial and ministerial records in violation of R.C. 1702.15.

{¶ 17} Frivolous conduct under R.C. 2323.51(A)(2)(a) for the purposes of the factual component of a claim, "is judged under an objective, rather than a subjective

standard and must involve egregious conduct." (Internal citation omitted.) *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 21. A party cannot base the claim of frivolous conduct upon merely providing a winning theory over the dispute or proving the opposing party's factual assertions were incorrect. *Id.*, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30 ("'A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim'"), and *Hickman v. Murray*, 2d Dist. Montgomery No. CA-15030, 1996 Ohio App. LEXIS 1028, 5 (Mar. 22, 1996).

{¶ 18} In this case, GLRVA's claim that Sworak engaged in frivolous conduct is entirely premised on its demonstration that Sworak's factual allegations were incorrect. Unlike in other cases in which the conduct was demonstrated to be egregious by multiple acts of misconduct that exceeded the bounds of zealous advocacy*, see, e.g.*, *Lakeview Holding (OH), L.L.C. v. Haddad*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796, ¶ 19 (repeated failure to serve court filings and the submission of an invalid preliminary judicial report, among other issues, demonstrated egregious behavior to warrant a hearing on the frivolous conduct motion), in this case, GLRVA's claims are limited to accusing Sworak of having

advanced allegations that could be deemed to be without merit based on review of GLRVA's evidentiary submissions.

{¶ 19} In essence, GLRVA is claiming that because it was entitled to summary judgment based on the submission of undisputed evidence, the claims in the complaint are also frivolous. "Filing a complaint without evidentiary support, however, does not become frivolous conduct under the law when no evidentiary support is uncovered by investigation or discovery. The conduct is frivolous only when the expectation of finding such evidence is not reasonable." *Resources for Healthy Living, Inc. v. Haslinger*, 6th Dist. Wood No. WD-10-073, 2011-Ohio-1978, ¶ 31.

{¶ 20} GLRVA's claims are insufficient to satisfy the frivolous conduct standard without allegations of egregious or persistent misbehavior or a demonstration that discovery would not have produced any evidence supporting Sworak's claims, which alluded to retaliatory behavior instigated by the GLRVA president based on Sworak's success in the 2017 civil litigation. Simply asserting that a plaintiff's claims can be disproven does not rise to the type of behavior that necessitates a court to conduct a hearing for frivolous conduct.

{¶ 21} And regardless, GLRVA's claim that it provided Sworak access to the association's financial records according to its bylaws is unfounded. On this point, GLRVA argues that Sworak's factual assertions were demonstrably false as of the filing of the complaint because no general member has the right to examine GLRVA's financial records. Under R.C. 1702.15, "[s]ubject to limitations prescribed

in the articles or the regulations upon the right of members of a corporation to examine the books and records, all books and records of a corporation, * * * may be examined by any member * * *." Members of the corporation, therefore, have a right to examine financial records unless the bylaws provide limitations.

{¶ 22} GLRVA maintains that under its bylaws, it need only provide members abstracts of financial reports generated by the treasurer during a membership meeting. In its motion for sanctions, and again in this appeal, GLRVA claims that Section VII of its bylaws, defining the treasurer's responsibility as a member of the board of trustees, limits a member's ability to request to examine the books and records of GLRVA as is permitted under R.C. 1702.15. Section VII of the bylaws provides:

> The Treasurer, assisted by the Executive Director, shall be responsible for proper records of the financial transactions and condition of the association and shall furnish regular reports to the Board of Trustees, as well as abstracts of these reports at the Annual Meeting and, upon request, other membership meetings. Working with the Treasurer, the Board may at any time order an independent certified audit or a lesser form of review of the books and records of the association. Copies shall be furnished to each trustee and reviewed at the next Board of Trustees meeting.

Thus, Section VII of GLRVA's bylaws sets forth the treasurer's responsibilities but does not unambiguously set forth limitations upon a member's right to examine GLRVA's financial records under R.C. 1702.15. It cannot be concluded that the above provision of GLRVA's bylaws restricts Sworak's right to examine the corporation's financial records per se. As a result, Sworak's complaint seeking to force GLRVA to permit the examination of its financial records cannot be deemed

frivolous.   Upon the documentation presented by GLRVA, there were colorable issues regarding a member's right to examine financial records.

{¶ 23} Having demonstrated a colorable basis to support the filing of the complaint in this action, it cannot be concluded that Sworak engaged in frivolous conduct based on the arguments presented.  As a result, we affirm the decision of the trial court denying GLRVA's motion for sanctions.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR